(No. 102667.—)

THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.*
JOSEPH E. BIRKETT, Petitioner, v. HONORABLE
JAMES J. KONETSKI *et al.*, Respondents.

*Opinion filed May 21, 2009.*

Joseph E. Birkett, State's Attorney, of Wheaton (Lisa Anne Hoffman, Assistant State's Attorney, of Wheaton, and Norbert J. Goetten, Martin P. Moltz and Cynthia N. Schneider, of the Office of the State's Attorneys Appellate Prosecutor, of Elgin, of counsel), for petitioner.

Thomas A. Lilien, Deputy Defender, and Kathleen Weck, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for respondent Jared P.

Lisa Madigan, Attorney General, of Springfield (Gary Feinerman, Solicitor General, and Michael M. Glick and David H. Iskowich, Assistant Attorneys General, of Chicago, of counsel), for *amicus curiae* the People of the State of Illinois.

Irene F. Bahr and Mary T. McDermott, of Springfield (Stephen W. Baker, Assistant Public Defender, of the Office of the Cook County Public Defender, of Chicago, of counsel), for *amicus curiae* Illinois State Bar Association.

JUSTICE KILBRIDE delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Freeman, Thomas, Garman, Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

We allowed the State's motion for leave to file an original *mandamus* action in this court under Supreme

Court Rule 381(a) (188 Ill. 2d R. 381(a)). The State seeks an order compelling the respondent, the Honorable James J. Konetski, to vacate his order exempting the minor, Jared P., from the registration requirement of the Sex Offender Registration Act (Act) (730 ILCS 150/1 *et seq.* (West 2004)), and to advise the minor of his duty to register under the Act. For the following reasons, we award the order of *mandamus*.

## I. BACKGROUND

The minor, Jared P., was charged in a delinquency petition with committing several offenses. Following a bench trial, the circuit court of Du Page County adjudicated him delinquent for committing the offenses of criminal sexual assault and criminal sexual abuse (720 ILCS 5/12—13(a)(1), 12—15(a)(1) (West 2004)).

At the sentencing hearing, the minor argued he should not be required to register under the Act because he was not entitled to a jury trial on the charges subjecting him to an adult sentencing scheme, including the duty to register. The minor contended that juveniles exposed to an adult sentencing scheme are entitled to the full range of due process, and requiring him to register under the Act without the right to a jury trial would be unconstitutional. The minor asked for a sentence of probation until he reached the age of 21, with the adjudication subject to a motion to vacate. According to the minor, under that disposition "a final and appealable order will not have been entered." At the end of the period of probation, a motion to vacate could be granted, thus allowing him an opportunity to avoid the registration requirement.

The State responded that there was no basis for finding the registration requirement unconstitutional. The State also objected to the minor's sentencing request, arguing it would result in an unauthorized disposition of court supervision for these offenses.

The respondent stated the minor would be placed on probation until the age of 21, but took under advisement the issues of whether the minor would be ordered to register under the Act and whether the adjudication would be subject to a motion to vacate. The respondent stated "[i]f there's a way I can avoid having you register, I'm going to do that."

At a subsequent hearing, the respondent entered an order placing the minor on probation until he reached the age of 21 with several conditions. The respondent informed the minor that he would not be required to register under the Act as a condition of his probation. In declining to require registration, the respondent noted the minor was not afforded the right to a jury trial in this juvenile delinquency proceeding. The respondent stated there were enough similarities between this juvenile proceeding and an adult criminal proceeding that "I think not being afforded the right to a trial by jury as an adult would be for a similar charge is perhaps violative of both substantive due process as well as equal protection provisions of the 14th Amendment."

The respondent acknowledged this court's case law holding registration under the Act is not a punishment but found, nonetheless, that requiring a person to register is sufficiently serious that a minor should be afforded the right to a jury trial. The respondent further stated it is not appropriate to require registration without providing a juvenile the right to a jury trial. The respondent, therefore, declined to require the minor to register under the Act as a condition of his probation.

In a form sentencing order, the respondent checked two separate boxes indicating he was ordering probation rather than conditional discharge or supervision. He wrote that the minor's probation was "subject to a motion to vacate at the end of the term." The respondent explained that if the minor followed the conditions of his

probation, at the end of the term he could "ask that essentially the entire matter—if it's vacated, it's like it never happened."

The respondent also entered a separate written order stating the "court finds sexual offender registration is a penalty and as such the minor should have had a right to a jury trial." Based on that finding, the respondent ruled the minor was not required to register as a sex offender. The respondent, therefore, did not advise the minor of his duty to register as required by section 5 of the Act (730 ILCS 150/5 (West 2004)). Additionally, the respondent did not advise the minor of his right to appeal in accordance with Supreme Court Rule 605(a) (188 Ill. 2d R. 605(a)).

The State filed a motion to reconsider the ruling that the minor was not required to register as a sex offender. The State requested an order requiring the minor to register under the Act asserting, among other things, that the Illinois appellate court had held requiring a minor to register as a sex offender did not violate either substantive or procedural due process. Following the motion hearing, the respondent stated he did not "quarrel with a great deal of what you say," and he was not offering an opinion about the registration requirement in his prior ruling. Rather, the sole and narrow basis for the ruling was his opinion that "a minor should be allowed to not only have a jury trial but remain within the juvenile system and should not give up all the benefits that the juvenile system affords the minor by electing to proceed with a jury trial." Accordingly, the respondent denied the State's motion to reconsider.

The State later moved this court for leave to file an original *mandamus* complaint or for issuance of a supervisory order. This court denied the State's request for a supervisory order, but allowed the State to file its *mandamus* complaint. In its complaint, the State sought

to compel the respondent to vacate his order exempting the minor from the registration requirement and to advise the minor of his duty to register as a sex offender in accordance with the Act. We ordered the parties to brief the issues. We also allowed the Attorney General of the State of Illinois and the Illinois State Bar Association to file *amicus curiae* briefs. 210 Ill. 2d R. 345.

While the State's *mandamus* action was pending, the minor filed a motion for a supervisory order asserting the trial court failed to admonish him of his right to appeal in accordance with Supreme Court Rule 605(a). The minor sought an order allowing him to file a late notice of appeal or an order remanding the matter to the trial court for admonishments under Rule 605(a). We entered a supervisory order directing the trial court to admonish the minor in accordance with Rule 605(a) and to allow him to file a late notice of appeal within 30 days of the admonishment. The minor subsequently filed a notice of appeal.

We then entered an order holding this *mandamus* action pending resolution of the minor's appeal to prevent granting *mandamus* relief prematurely and to avoid unnecessarily addressing constitutional claims raised by the minor in opposition to the *mandamus* complaint. On appeal, the minor argued the evidence was insufficient to prove him guilty of the offenses beyond a reasonable doubt, the trial court erred in admitting improper hearsay testimony, and his adjudication of criminal sexual abuse must be vacated under the one-act, one-crime rule. *In re Jared P.*, No. 2—07—0259 (2008) (unpublished order under Supreme Court Rule 23). The appellate court held the evidence was sufficient to find the minor guilty beyond a reasonable doubt and the disputed testimony was not hearsay because it was not offered to prove the truth of the matter asserted. The appellate court agreed with the minor that his criminal sexual abuse adjudica-

tion must be vacated. Accordingly, the appellate court affirmed the trial court's judgment, but modified the dispositional order to reflect an adjudication of a single count of criminal sexual assault. *In re Jared P.*, No. 2—07—0259 (2008) (unpublished order under Supreme Court Rule 23).

The minor filed a petition for leave to appeal the appellate court's decision. *In re Jared P.*, No. 107310 (2008). We denied the petition for leave to appeal on November 26, 2008. *In re Jared P.*, 229 Ill. 2d 667 (2008) (table).

We also note that the legislature substantially amended the Act while the minor's appeal was pending. See Pub. Act 95—658, §5, eff. October 11, 2007. Given the clear application of those amendments to this *mandamus* action, we directed the parties to submit supplemental briefs on the retroactivity of the changes and their impact on the issues. We have now received the parties' supplemental briefs and may consider the State's *mandamus* complaint.

## II. ANALYSIS

The State has requested two forms of relief in its *mandamus* complaint: (1) to compel the respondent to vacate his order exempting the minor from the registration requirement; and (2) to require the respondent to advise the minor of his duty to register under the Act. In support of its complaint, the State argues the respondent violated the plain language of the Act by declaring that the minor was not required to register and failing to advise him of his duty to register. The State further contends the respondent did not articulate a sufficient justification for failing to follow the clear requirements of the Act.

The Illinois Constitution provides that this court may exercise original jurisdiction in *mandamus* actions. Ill. Const. 1970, art. VI, §4(a). *Mandamus* is an extraordinary remedy to enforce the performance by a public officer of

nondiscretionary official duties. *1350 Lake Shore Associates v. Healey*, 223 Ill. 2d 607, 614 (2006), citing *People ex rel. Birkett v. Jorgensen*, 216 Ill. 2d 358, 362 (2005). *Mandamus* relief will not be granted unless the petitioner shows a clear right to the requested relief, a clear duty of the public officer to act, and clear authority of the public officer to comply with the order. *Pucinski v. County of Cook*, 192 Ill. 2d 540, 545 (2000), citing *Lewis E. v. Spagnolo*, 186 Ill. 2d 198, 229 (1999).

"A writ of *mandamus* 'provides affirmative rather than prohibitory relief [citation] and can be used to compel the undoing of an act.' " *People ex rel. Waller v. McKoski*, 195 Ill. 2d 393, 398 (2001), quoting *Noyola v. Board of Education of the City of Chicago*, 179 Ill. 2d 121, 133 (1997). *Mandamus* is an appropriate remedy to compel compliance with mandatory legal standards. See *Jorgensen*, 216 Ill. 2d at 362; *McKoski*, 195 Ill. 2d at 401-02. Relief will not be granted, however, when the act in question involves the exercise of an official's discretion. *People ex rel. Devine v. Sharkey*, 221 Ill. 2d 613, 616-17 (2006).

In this case, we are required to construe the provisions of the Act. The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature. *People v. Cordell*, 223 Ill. 2d 380, 389 (2006). The best evidence of legislative intent is the statutory language, given its plain and ordinary meaning. *People v. Wooddell*, 219 Ill. 2d 166, 170-71 (2006). We review *de novo* questions of statutory construction. *Sharkey*, 221 Ill. 2d at 617.

We first consider the State's request to compel the respondent to vacate his order exempting the minor from the registration requirement. The Act provides that a juvenile adjudicated delinquent for committing the offense of criminal sexual assault is classified as a "sex offender." See 730 ILCS 150/2(A)(5), (B)(1) (West 2004).

Under the Act, sex offenders "shall, within the time period prescribed in subsections (b) and (c), register in person and provide accurate information as required by the Department of State Police." 730 ILCS 150/3(a) (West 2004). Those provisions were in effect when the minor was sentenced and have not been changed. See 730 ILCS 150/2(A)(5), (B)(1), 3(a) (West 2006).

The legislature's use of the word "shall" indicates an intent to impose a mandatory obligation upon sex offenders to register. See *People v. Ramirez*, 214 Ill. 2d 176, 182 (2005). The respondent's order exempting the minor from the registration requirement is in clear violation of the plain language of the statute. We find that *mandamus* is an appropriate remedy to compel compliance with the mandatory terms of the Act requiring the minor to register.

On the second claim for *mandamus* relief, the State seeks an order compelling the respondent to advise the minor of his duty to register as a sex offender. Section 5 of the Act provides in pertinent part:

> "Any sex offender, as defined in Section 2 of this Act, or sexual predator, as defined by this Article, who is released on probation or discharged upon payment of a fine because of the commission of one of the offenses defined in subsection (B) of Section 2 of this Article, shall, prior to such release be informed of his or her duty to register under this Article by the Court in which he or she was convicted." 730 ILCS 150/5 (West 2004).

Again, the legislature's use of the word "shall" indicates the mandatory nature of the duty imposed by this section. *Ramirez*, 214 Ill. 2d at 182. Respondent, as the presiding judge of the court entering an adjudication, has a duty under the Act to inform a sex offender meeting the terms of section 5 of the obligation to register. The court's duty applies when "[a]ny sex offender, as defined in Section 2 of this Act, *** is released on probation *** because of the commission of one of the offenses

defined in subsection (B) of Section 2 of this Article." 730 ILCS 150/5 (West 2004). As noted, the minor is classified as a sex offender because of his adjudication of criminal sexual assault, an offense included in section 2(B) (730 ILCS 150/2(B)(1) (West 2004)). Thus, section 5 of the Act required the respondent to notify the minor of his duty to register if the minor was "released on probation."

The respondent consistently described the sentence as probation. He checked two separate boxes on the written sentencing order indicating he was ordering "probation" rather than any other disposition. The respondent ordered the minor to comply with several conditions of probation. Any confusion due to the "motion to vacate" language in the original sentencing order was clarified when, at oral argument, the minor's attorney stated the minor's probation had been revoked and he was resentenced to probation until the age of 21. We further note circuit courts are not authorized under the Juvenile Court Act to vacate a finding of delinquency after a juvenile completes probation. See *People ex rel. Devine v. Stralka*, 226 Ill. 2d 445, 463 (2007). We conclude that the minor was "released on probation" within the meaning of section 5 of the Act.

Additionally, while this *mandamus* action was pending, the legislature added a specific provision requiring trial courts to order minors meeting the sex offender definition to register as sex offenders. 730 ILCS 150/3—5(a) (West Supp. 2007). The legislature indicated an intent for that provision to apply retroactively to adjudicated juvenile delinquents who were required to register before the effective date of the amendment. 730 ILCS 150/3—5(h) (West Supp. 2007). Thus, section 3—5(a) of the Act also requires the respondent to advise the minor of his duty to register. We conclude that the plain language of the Act imposes a clear nondiscretion-

ary duty upon the respondent to order the minor to register, and the respondent has clear authority to comply with a *mandamus* order requiring that action.

The minor argues, nonetheless, that the State's *mandamus* complaint should be denied for several reasons. The minor raises two nonconstitutional arguments for denying *mandamus* relief as well as several challenges to the constitutionality of the Act. We have repeatedly stated cases should be resolved on nonconstitutional grounds whenever possible and constitutional issues should be reached only as a last resort. *In re E.H.*, 224 Ill. 2d 172, 178 (2006). Accordingly, we address the nonconstitutional claims first.

The minor first argues the State may appeal a trial court's declaration that a statute is unconstitutional, and *mandamus* is not a permissible substitute for a direct appeal. According to the minor, this court should not grant *mandamus* relief when the State failed to pursue its remedy of appealing the respondent's ruling. The State replies that while Supreme Court Rule 603 (134 Ill. 2d R. 603) allows a direct appeal to this court when a statute has been held invalid, the respondent's vague findings did not form a sufficient basis for an appeal under that rule.

We recognize that this court has held *mandamus* is not a substitute for an appeal. *McKoski*, 195 Ill. 2d at 398; *People ex rel. Foreman v. Nash*, 118 Ill. 2d 90, 97 (1987). Rule 603, however, requires a statute to be held invalid before a direct appeal to this court will be allowed. 134 Ill. 2d R. 603. We agree with the State that the respondent did not clearly or explicitly find the Act unconstitutional. Indeed, the minor argues the respondent "implicitly" found the statute unconstitutional, thus acknowledging the ambiguity of the ruling.

We note this court's rules now require specificity in a finding of unconstitutionality, and allow this court to

vacate summarily and remand a circuit court's judgment for noncompliance with that directive. 210 Ill. 2d Rs. 18, 302(c)(2). Those rules were not in effect, though, when the respondent's ruling was rendered in this case. Thus, we did not apply those rules here. In any case, the minor's argument that the State should have filed a direct appeal must be rejected. We cannot require the State to appeal under Rule 603 when it was not even clear that the statute was held invalid. We therefore conclude the State's *mandamus* complaint is not precluded by its failure to file a direct appeal under Rule 603.

The minor also contends that granting *mandamus* relief is premature because the order would be rendered ineffective or moot if he successfully challenged his delinquency adjudication on appeal. In those circumstances, his adjudication would be vacated and he would not be subject to any registration requirement. The minor, therefore, argues the State's *mandamus* complaint should be denied as untimely. The State replies that this *mandamus* action is not premature because the respondent was required to advise the minor of his duty to register prior to his release on probation. Thus, the time for advising the minor of the registration requirement has already passed.

We have held that when a *mandamus* order would compel performance of a judicial act by a court in pending litigation, we must consider the additional matter of whether *mandamus* relief will be effective. *Sharkey*, 221 Ill. 2d at 617; *People ex rel. Carey v. Scotillo*, 84 Ill. 2d 170, 175 (1981). In this case, any concern that the appellate court's judgment may render a *mandamus* order ineffective was eliminated by our order holding this case for the appellate court's decision. The appellate court's decision is now final and it will not affect a *mandamus* order requiring the respondent to comply with the Act.

Thus, the minor's argument no longer presents a valid basis for denying *mandamus* relief.

As for his constitutional claims, the minor initially responded to the State's *mandamus* complaint by contending that the Act violated his constitutional rights to equal protection and substantive and procedural due process, as well as the constitutional prohibitions against cruel and unusual punishment and disproportionate penalties. The minor also argued retroactive application of certain amendments to the Act would violate the constitutional prohibition against *ex post facto* laws.

As noted, we ordered supplemental briefing given the substantial amendments to the Act while the minor's appeal of his delinquency adjudication was pending. In his supplemental brief, the minor has narrowed his constitutional claims. He still maintains, however, that the Act, as amended by Public Act 95—658 (Pub. Act 95—658, §5, eff. October 11, 2007), violates his constitutional right to procedural due process and the constitutional prohibitions against cruel and unusual punishment, disproportionate penalties, and *ex post facto* laws.

Our analysis of the minor's constitutional arguments depends in part on whether the amendments to the Act occurring after he was sentenced apply retroactively. The amendments affecting the minor's constitutional claims are contained in Public Act 95—658 (Pub. Act 95—658, §5, eff. October 11, 2007) and Public Act 94—168 (Pub. Act 94—168, §5, eff. January 1, 2006). Thus, we initially address whether the legislature intended those amendments to apply retroactively to the minor.

Generally, a statutory amendment will not be given retroactive effect absent a clear expression of legislative intent. *In re Detention of Lieberman*, 201 Ill. 2d 300, 321 n.3 (2002). We must honor the legislature's expressed intent on retroactive application in the absence of a constitutional prohibition. *Allegis Realty Investors v. Novak*, 223 Ill. 2d 318, 330-32 (2006).

In their supplemental briefs, the parties agree that the legislature intended Public Act 95—658 to apply retroactively. In that amendment, the legislature eliminated provisions requiring juvenile sex offenders to register as adults after reaching 17 years of age. Pub. Act 95—658, §5, eff. October 11, 2007 (amending 730 ILCS 150/2(A)(5), 3(a)). Public Act 95—658 also added section 3—5 to the Act, entitled "Application of Act to adjudicated juvenile delinquents." Pub. Act 95—658, §5, eff. October 11, 2007 (adding 730 ILCS 150/3—5). Section 3—5 allows a minor adjudicated delinquent for a felony offense to petition for termination of registration after five years. Pub. Act 95—658, §5, eff. October 11, 2007 (adding 730 ILCS 150/3—5(c)). The court may terminate a juvenile's registration if it finds by a preponderance of the evidence that the juvenile poses no risk to the community based upon specific factors set forth in the statute. Pub. Act 95—658, §5, eff. October 11, 2007 (adding 730 ILCS 150/3—5(d), (e)). Juveniles have the right to counsel at the termination hearing and may present an independent risk assessment. Pub. Act 95—658, §5, eff. October 11, 2007 (adding 730 ILCS 150/3—5(f)).

The legislature further provided, "[t]his Section applies retroactively to cases in which adjudicated juvenile delinquents who registered or were required to register before the effective date" of Public Act 95—658. Pub. Act 95—658, §5, eff. October 11, 2007 (adding 730 ILCS 150/3—5(h)). The word "who" in this sentence appears to be superfluous. Despite the excess language, however, there is no dispute that Public Act 95—658 is intended to apply retroactively to the minor.

In his original brief, the minor also asserted the amendment in Public Act 94—168 applies retroactively to him. The minor bases his constitutional arguments on the assumption that the legislature intended retroactive application.

Public Act 94—168 became effective on January 1, 2006, a few months after the minor was sentenced. In pertinent part, the enactment changed the meaning of "sexual predator." The Act now provides that any person convicted of criminal sexual assault after July 1, 1999, falls within the "sexual predator" classification. Pub. Act 94—168, §5, eff. January 1, 2006 (amending 730 ILCS 150/2(E)(1)). "Convicted" has the same meaning as "adjudicated" for purposes of section 2. 730 ILCS 150/2 (West 2004). By including convictions after July 1, 1999, the legislature expressed a clear intention of retroactive application. The amended section applies retroactively to the minor because he was adjudicated delinquent in 2005.

Having decided that Public Acts 95—658 and 94—168 apply retroactively to the minor, we now consider his constitutional challenges to the Act. Statutory enactments are presumed constitutional. *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296, 306 (2008). To overcome that presumption, the party challenging the statute must clearly establish a constitutional violation. *People v. Dinelli*, 217 Ill. 2d 387, 397 (2005). We must construe a statute in a manner that sustains its constitutionality, if reasonably possible. *People v. Molnar*, 222 Ill. 2d 495, 508 (2006). We review a statute's constitutionality *de novo*. *In re Lakisha M.*, 227 Ill. 2d 259, 263 (2008).

The minor first argues that the Act violates his constitutional right to procedural due process. The minor details the registration obligations imposed by the Act and the criminal penalties for failing to comply. He contends the registration requirements constrain his liberty interests, including his freedom of travel and to associate with others. According to the minor, the liberty interests of juveniles are affected in the same manner as those of adult sex offenders, but juveniles are not allowed the same procedural safeguards including a jury trial. The minor argues that juveniles should be granted

the same procedural due process rights as adults if they are subject to the Act's burdens.

The State responds that the Act does not impose a punishment. Thus, the established principle that jury trials are not required in juvenile proceedings applies here.

A procedural due process claim presents a legal question subject to *de novo* review. *People v. Hall*, 198 Ill. 2d 173, 177 (2001). Procedural due process claims challenge the constitutionality of the specific procedures used to deny a person's life, liberty, or property. *Tri-G, Inc. v. Burke, Bosselman & Weaver*, 222 Ill. 2d 218, 244 (2006). The fundamental requirements of due process are notice of the proceeding and an opportunity to present any objections. *Tri-G, Inc.*, 222 Ill. 2d at 244-45. Due process is a flexible concept, and " 'not all situations calling for procedural safeguards call for the same kind of procedure.' " *Lyon v. Department of Children & Family Services*, 209 Ill. 2d 264, 272 (2004), quoting *Morrissey v. Brewer*, 408 U.S. 471, 481, 33 L. Ed. 2d 484, 494, 92 S. Ct. 2593, 2600 (1972). Courts should consider the following factors in evaluating a procedural due process claim:

" 'First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.' " *Lyon*, 209 Ill. 2d at 277, quoting *Mathews v. Eldridge*, 424 U.S. 319, 335, 47 L. Ed. 2d 18, 33, 96 S. Ct. 893, 903 (1976).

We begin by noting that the minor is required to register under the Act as a result of his delinquency adjudication of criminal sexual assault. 730 ILCS 150/ 2(A)(5), (B)(1), 3(a) (West 2004). Several procedural safeguards applicable to criminal proceedings are also constitutionally mandated in juvenile delinquency proceedings, including the right to notice, the right to

counsel, the right to confront witnesses, the privilege against self incrimination, and the standard of proof beyond a reasonable doubt. *McKeiver v. Pennsylvania*, 403 U.S. 528, 533, 29 L. Ed. 2d 647, 654, 91 S. Ct. 1976, 1980 (1971) (plurality op.). Accordingly, while the minor was not given the right to a jury trial, he received several other important procedural protections before being required to register under the Act.

The Supreme Court has held the due process clause does not require the right to a jury trial in juvenile delinquency proceedings. *McKeiver*, 403 U.S. at 545, 29 L. Ed. 2d at 661, 91 S. Ct. at 1986 (plurality op.). The Court reasoned that a juvenile delinquency proceeding is fundamentally different from a criminal proceeding and cannot be equated to a criminal prosecution within the meaning of the sixth amendment. *McKeiver*, 403 U.S. at 541-51, 29 L. Ed. 2d at 658-64, 91 S. Ct. at 1984-89 (plurality op.).

The minor acknowledges the holding in *McKeiver*, but contends that the liberty interests of juveniles accused of sex offenses are affected in the same manner as those of adult offenders. Thus, the minor argues that juveniles should be given the additional procedural safeguard of a jury trial in cases triggering the registration requirement.

Contrary to the minor's contention, the impact on his liberty is not comparable to the punishment an adult would receive for a criminal sexual assault conviction. Criminal sexual assault is a Class 1 felony punishable by a sentence of 4 to 15 years' imprisonment. 720 ILCS 5/12—13(b)(1) (West 2004); 730 ILCS 5/5—8—1(a)(4) (West 2004). In contrast, the minor was placed on probation until he reached the age of 21 with several conditions aimed at rehabilitation. The minor was not required to serve any detention. A felony conviction of the offense involved here clearly carries a much greater punishment than any sanction imposed upon the minor.

The crux of the minor's argument is that the registration requirement is so burdensome that a jury trial is required before it may be imposed. This court has repeatedly held, though, that the Act's requirements do not constitute punishment. *In re J.W.*, 204 Ill. 2d 50, 75 (2003); *People v. Malchow*, 193 Ill. 2d 413, 424 (2000); *People v. Adams*, 144 Ill. 2d 381, 386-90 (1991). Rather, the Act is a regulatory statute intended to foster public safety. *Molnar*, 222 Ill. 2d at 522-23, quoting *People v. Patterson*, 185 Misc. 2d 519, 530-31, 708 N.Y.S.2d 815, 824 (2000).

Moreover, the amendments in Public Act 95—658 significantly reduce the impact of the minor's registration requirement. Public Act 95—658 eliminated the provisions that would have required the minor to register as an adult when he reached 17 years of age. See Pub. Act 95—658, §5, eff. October 11, 2007 (amending 730 ILCS 150/2(A)(5), 3(a)). The minor's registration information will, therefore, be available only to a very limited group of people, including individuals whose "safety may be compromised for some reason" by him, and the principal, chief administrative officer, or guidance counselor of a school he attends. 730 ILCS 152/121 (West Supp. 2007). In contrast, the adult registry provides for wide dissemination of registration information to the public. See 730 ILCS 152/120(c), (d) (West Supp. 2007).

The minor may also petition for termination of his registration after five years. Pub. Act 95—658, §5, eff. October 11, 2007 (adding 730 ILCS 150/3—5(c)). The right to petition for termination is not available to adults. Given these circumstances, we find that the minor's registration obligation is not sufficiently burdensome to mandate the additional procedural protection of a jury trial.

The minor also asserts that the right to a jury trial is fundamental. Citing *Duncan v. Louisiana*, 391 U.S. 145,

20 L. Ed. 2d 491, 88 S. Ct. 1444 (1968), the minor contends juries prevent government oppression and abuses by government officials. Thus, the minor argues it is unfair to impose the registration requirement without granting him the right to a jury trial.

The Supreme Court's decision in *McKeiver* refutes the minor's claim. In that case, the Supreme Court considered *Duncan*, but held "a jury is not a necessary part even of every criminal process that is fair and equitable." *McKeiver*, 403 U.S. at 547, 29 L. Ed. 2d at 662, 91 S. Ct. at 1987 (plurality op.). In fact, the Court stated in *Duncan*, " 'We would not assert, however, that every criminal trial—or any particular trial—held before a judge alone is unfair or that a defendant may never be as fairly treated by a judge as he would be by a jury.' " *McKeiver*, 403 U.S. at 543, 29 L. Ed. 2d at 660, 91 S. Ct. at 1985 (plurality op.), quoting *Duncan*, 391 U.S. at 158, 20 L. Ed. 2d at 501, 88 S. Ct. at 1452. The Court concluded that requiring jury trials in juvenile proceedings "would not strengthen greatly, if at all, the factfinding function." *McKeiver*, 403 U.S. at 547, 29 L. Ed. 2d at 662, 91 S. Ct. at 1987 (plurality op.).

In his concurrence, Justice White further noted the risks of abuse of power mandating juries in criminal cases are of lesser magnitude in juvenile proceedings and the consequences of adjudication are less severe than those flowing from a criminal conviction. *McKeiver*, 403 U.S. at 551-53, 29 L. Ed. 2d at 664-65, 91 S. Ct. at 1989-90 (White, J., concurring). Based on those substantive differences, jury trials are not required in juvenile adjudications. *McKeiver*, 403 U.S. at 553, 29 L. Ed. 2d at 665, 91 S. Ct. at 1990 (White, J., concurring). Accordingly, we must reject the minor's argument that denial of the right to a jury trial was fundamentally unfair in this juvenile adjudication.

The minor further notes that the legislature has granted juveniles the right to a jury trial in certain

proceedings, including extended jurisdiction juvenile prosecutions, habitual juvenile offender prosecutions, and violent juvenile offender proceedings. The minor asserts the legislature has, therefore, recognized that juveniles are entitled to a jury trial in some situations.

We agree that juveniles are granted a statutory right to a jury trial in the proceedings identified by the minor. 705 ILCS 405/5—810(3), 5—815(d), 5—820(d) (West 2004). Those proceedings involve severe deprivations of liberty, however. A minor found guilty in an extended jurisdiction juvenile prosecution receives both a juvenile sentence and an adult criminal sentence. The criminal sentence is stayed on the condition that the minor complies with the juvenile sentence. 705 ILCS 405/5—810(4) (West 2004). A minor adjudicated a habitual juvenile offender or a violent juvenile offender must be committed to the Department of Corrections, Juvenile Division, until the age of 21 with no possibility of parole, furlough, or nonemergency absence. 705 ILCS 405/5—815(f), 5—820(f) (West 2004). Thus, juvenile offenders face mandatory incarceration or the possibility of an adult sentence in the identified proceedings. The punishment in those cases cannot be equated with the Act's nonpunitive registration requirement.

In any case, the legislature's decision to grant juveniles the right to a jury trial in other circumstances does not bear upon the minor's procedural due process claim. Minimum procedural requirements are a matter of federal constitutional law, and the process due in a given situation is not controlled by state statutory provisions. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 541, 84 L. Ed. 2d 494, 503, 105 S. Ct. 1487, 1492-93 (1985). The constitutional right to due process is not synonymous with compliance with state regulations. *Lyon*, 209 Ill. 2d at 278, citing *Loudermill*, 470 U.S. at 541, 84 L. Ed. 2d at 503, 105 S. Ct. at 1492. Thus, the

statutory provision of the right to a jury trial in other circumstances does not affect whether a jury trial is mandated here by the constitutional right to procedural due process.

In sum, the minor has failed to carry his burden of clearly establishing that the Act violates his constitutional right to procedural due process. With the recent amendments to the Act, we conclude that the State has acted reasonably in imposing the registration obligation upon the minor. See *Lyon*, 209 Ill. 2d at 272 (due process generally requires the State to act reasonably). Again, as noted, following the amendments in Public Act 95—658 the minor's registration information will not be widely circulated, but will be available only to a limited group of people. Given this different treatment, we conclude that the procedural protections in place for juvenile adjudications, along with the amendment allowing the minor the additional procedural right to seek termination of his registration after five years, are sufficient to satisfy the minor's constitutional right to procedural due process. Accordingly, the minor's procedural due process challenge must fail.

The minor next contends that the Act violates the prohibition against cruel and unusual punishment in the United States Constitution (U.S. Const., amend. VIII), and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11). Citing *Roper v. Simmons*, 543 U.S. 551, 161 L. Ed. 2d 1, 125 S. Ct. 1183 (2005), he argues juveniles are fundamentally different from adults and, therefore, less culpable for their actions. The minor asserts that the Act's registration requirement imposes a disproportionately harsh sanction upon juveniles.

Our proportionate penalties clause is coextensive with the federal constitution's prohibition against cruel and unusual punishment. *In re Rodney H.*, 223 Ill. 2d

510, 518 (2006). Both provisions apply only to the criminal process where the government takes direct action to inflict punishment. *In re Rodney H.*, 223 Ill. 2d at 518. Thus, the critical determination is whether imposition of the Act's registration requirement is a direct action to inflict punishment.

As previously noted, this court has consistently held that the Act's registration requirement is not a punishment. *In re J.W.*, 204 Ill. 2d at 75; *Malchow*, 193 Ill. 2d at 424; *Adams*, 144 Ill. 2d at 386-90. In *J.W.*, this court held the Act is not punitive as applied to juveniles and, therefore, does not constitute cruel and unusual punishment. *In re J.W.*, 204 Ill. 2d at 73-75. Thus, our precedent is clear that imposition of the Act's requirements on juveniles does not constitute punishment.

The minor asks this court to reexamine our holdings in light of the Supreme Court's decision in *Roper*. In that case, the Supreme Court held imposition of the death penalty on individuals under 18 years of age constitutes cruel and unusual punishment. *Roper*, 543 U.S. at 568, 161 L. Ed. 2d at 21, 125 S. Ct. at 1194. The Court relied in part on the conclusion that juveniles are less culpable for their actions and, accordingly, "it is evident that the penological justifications for the death penalty apply to them with lesser force than to adults." *Roper*, 543 U.S. at 571, 161 L. Ed. 2d at 23, 125 S. Ct. at 1196.

In *J.W.*, this court considered and rejected a similar argument. There, the minor analogized the registration requirement to the death penalty, and observed that imposing the death penalty on a child under 16 years of age constitutes cruel and unusual punishment. *In re J.W.*, 204 Ill. 2d at 75. This court held that, unlike the death penalty, the Act's registration requirement cannot be considered a punishment. *In re J.W.*, 204 Ill. 2d at 75. Given our reasoning in *J.W.*, we find the minor's argument based upon *Roper* unpersuasive. Accordingly, we

must adhere to our precedent holding that the Act's registration requirement as applied to juveniles does not amount to a punishment. Thus, the minor's claims based upon the proportionate penalties clause and the constitutional prohibition against cruel and unusual punishment fail because imposition of the registration requirement is not a direct action by the State to inflict punishment.

The minor further asserts that his reclassification by Public Act 94—168 from a sex offender to a sexual predator violates the *ex post facto* provisions of the federal and state constitutions. U.S. Const., art. I, §§9, 10; Ill. Const. 1970, art. I, §16. The minor's challenge is limited to the registration requirement and does not include any argument on the notification provisions. He contends that Public Act 94—168 increases his 10-year registration term to a lifetime obligation restraining his ability to move freely and subjecting him to possible felony prosecution if he fails to comply. The minor argues the amendment, therefore, violates the *ex post facto* clauses and should not be given retroactive application.

The State contends the amendment does not violate the constitutional provisions against *ex post facto* laws because the registration requirement is not a punishment. Rather, the Act is a regulatory statute intended to promote public safety. The State argues that the minor's designation as a sexual predator and the corresponding increase in his registration term does not transmute this regulatory measure into a punishment.

The *ex post facto* clauses of the United States Constitution prohibit retroactive application of a law inflicting greater punishment than the law in effect when a crime was committed. *Cornelius*, 213 Ill. 2d 178, 207 (2004). Those constitutional provisions, therefore, restrain legislative bodies from enacting arbitrary or vindictive legislation and assure that a statute gives fair warning of its effect. *Malchow*, 193 Ill. 2d at 418. A law is *ex post*

*facto* if it is retroactive and disadvantageous to a defendant. *Fletcher v. Williams*, 179 Ill. 2d 225, 230 (1997). A law is disadvantageous to a defendant if it criminalizes an act innocent when performed, increases the punishment for an offense previously committed, or alters the rules of evidence making a conviction easier. *People v. Ramsey*, 192 Ill. 2d 154, 157 (2000).

This court " 'has long interpreted our own [*ex post facto*] provision in step with Supreme Court pronouncements.' " *Cornelius*, 213 Ill. 2d at 207, quoting *Barger v. Peters*, 163 Ill. 2d 357, 360 (1994). Accordingly, the *ex post facto* clause in the Illinois Constitution does not provide greater protection than that offered under the United States Constitution. *Cornelius*, 213 Ill. 2d at 207.

In this case, the minor was not classified as a "sexual predator" when he was adjudicated delinquent. Shortly after he was sentenced, however, Public Act 94—168 changed the definition of "sexual predator" to include any person convicted of criminal sexual assault after July 1, 1999 (Pub. Act 94—168, §5, eff. January 1, 2006). As noted, for purposes of section 2, "convicted" has the same meaning as "adjudicated." 730 ILCS 150/2 (West 2004). We have already determined that Public Act 94—168 applies retroactively to the minor. Thus, the minor now falls within the definition of a sexual predator. Sexual predators are subject to a lifetime registration term while sex offenders must register for 10 years. 730 ILCS 150/7 (West 2004). The minor, therefore, contends that application of Public Act 94—168 increases the punitive consequences of his adjudication.

In *Malchow*, this court considered a claim that the Act violated the constitutional prohibitions against *ex post facto* laws. *Malchow*, 193 Ill. 2d at 418. There, the defendant was not required to register as a sex offender at the time of his offense, but he was subject to registration under a subsequent version of the Act that applied

retroactively. *Malchow*, 193 Ill. 2d at 418-19. The defendant argued that the Act disadvantaged him because it increased his punishment for previously committed offenses. *Malchow*, 193 Ill. 2d at 419.

Resolution of the defendant's claim turned on whether the Act's provisions constituted punishment. *Malchow*, 193 Ill. 2d at 419. We noted this court had previously held that requiring sex offenders to register was not punishment. *Malchow*, 193 Ill. 2d at 419, 424, citing *Adams*, 144 Ill. 2d at 386-90. The defendant's *ex post facto* claim, therefore, failed because he was not subjected to additional punishment for a previously committed offense. *Malchow*, 193 Ill. 2d at 424. While *Malchow* involved an adult defendant, this court has also held that the Act is not punitive as applied to a juvenile classified as a sexual predator. See *In re J.W.*, 204 Ill. 2d at 73-76.

The Supreme Court has held Alaska's sex offender registration act is nonpunitive, and its retroactive application does not violate *ex post facto* provisions. *Smith v. John Doe I*, 538 U.S. 84, 155 L. Ed. 2d 164, 123 S. Ct. 1140 (2003). In *Cornelius*, we determined that Illinois' registration provisions are similar to those of the Alaska act. *Cornelius*, 213 Ill. 2d at 208. Thus, *Smith* provides additional support for our prior holdings that the Act's registration requirements are not punitive. Additionally, the amendments in Public Act 95—658 have made the minor's obligation potentially less burdensome than his original 10-year term because he may now petition for termination of his registration after 5 years. Pub. Act 95—658, §5, eff. October 11, 2007 (adding 730 ILCS 150/ 3—5(c)).

Overall, our prior case law establishes that the Act's registration requirements do not constitute punishment. Given those holdings, we cannot find that the increase in the length of the minor's registration term due to the

retroactive application of Public Act 94—168 converts a non-punitive regulatory measure into punishment. The minor has failed to satisfy his burden of clearly showing the Act's registration requirements violate the *ex post facto* provisions of the federal and state constitutions.

In sum, the minor has not presented a valid nonconstitutional or constitutional ground for denying the State's *mandamus* complaint. We conclude that the State has satisfied all elements necessary for issuance of a *mandamus* order. The plain language of the Act clearly requires the minor to register and imposes a clear nondiscretionary duty upon the respondent to advise the minor of his registration obligation. Thus, a *mandamus* order must issue requiring the respondent to vacate his order exempting the minor from the Act's requirements and to inform the minor of his duty to register.

As a final matter, the minor requests issuance of a supervisory order in the event that *mandamus* relief is awarded. The minor asks to be allowed to petition for removal from the sex offender registry five years after the date he should have been ordered to register rather than five years from the date the respondent actually advises him of his duty to register in accordance with the *mandamus* order. The minor asserts it would be fundamentally just to allow him to petition for removal from the registry on the earlier date.

The State argues that the plain language of the amended statute requires the minor to wait at least five years after he is ordered to register before he may petition for termination of his registration. See 730 ILCS 150/3—5(c) (West Supp. 2007). The State contends this court should not grant a supervisory order altering the plain statutory terms for petitioning for removal from the registry.

The amended statute provides that when a minor is adjudicated delinquent for an offense that would be a

felony if charged as an adult, the minor may petition for termination of the registration term "no less than 5 years after registration ordered pursuant to subsection (a) of this Section." 730 ILCS 150/3—5(c) (West 2008). Subsection (a) requires the trial court to order adjudicated juvenile delinquents meeting the statutory definition of a sex offender to register. 730 ILCS 150/3—5(a) (West 2008).

The amended statute plainly provides that a minor may petition for termination no less than five years after being ordered by the trial court to register. We will not depart from the plain statutory language by reading into it exceptions, limitations, or conditions not expressed by the legislature. *People ex rel. Madigan v. Kinzer*, 232 Ill. 2d 179, 184-85 (2009). Moreover, supervisory orders are generally disfavored outside of our leave to appeal docket. *People ex rel. Birkett v. Bakalis*, 196 Ill. 2d 510, 513 (2001). Given the plain language of the statute, we decline to grant the minor's request for a supervisory order in this case.

### III. CONCLUSION

For the foregoing reasons, we conclude that the plain language of the Act clearly requires the minor to register and imposes a clear nondiscretionary duty upon the respondent to advise the minor of his obligation to register. Accordingly, *mandamus* relief is granted directing the respondent to vacate the order exempting the minor from the registration requirement and to advise the minor of his duty to register under the Act.

*Writ awarded.*