NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200046-U

NO. 4-20-0046

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 22, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| CHARLES HARRIS, | ) | Appeal from the |
|     Petitioner-Appellant, | ) | Circuit Court of |
|     v. | ) | Sangamon County |
| THE DEPARTMENT OF CORRECTIONS and | ) | No. 17MR986 |
| WALTER NICHOLSON, in His Official Capacity as | ) | |
| Warden of Stateville Correctional Center, | ) | Honorable |
|     Respondents-Appellees. | ) | Rudolph M. Braud Jr., |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Presiding Justice Knecht and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's dismissal of petitioner's petition for *mandamus* was proper.

¶ 2    In January 2018, petitioner, Charles Harris, filed a *pro se* complaint seeking

*mandamus* relief (735 ILCS 5/14-101 *et seq.* (West 2018)) against respondents, the Department

of Corrections and Walter Nicholson, in his official capacity as warden of the Stateville

Correctional Center. Specifically, petitioner sought day-for-day good conduct credit, asserting

the version of the sentencing credit law that applies to his sentence was the one before the

truth-in-sentencing statute enacted by Public Act 89-404, § 40 (eff. Aug. 20, 1995) (amending

730 ILCS 5/3-6-3). In March 2019, petitioner filed an amended complaint raising the same

issue. In August 2019, respondents filed a combined motion to dismiss under section 2-619.1 of

the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-619.1 (West 2018)). After a

December 2019 hearing, the Sangamon County circuit court granted respondents' motion to

dismiss. Petitioner filed a motion to reconsider, which the court denied after a January 2020 hearing.

¶ 3        Petitioner appeals, asserting the circuit court erred by dismissing his *mandamus* petition. We affirm.

¶ 4                                I. BACKGROUND

¶ 5                          A. Truth-in-Sentencing Provisions

¶ 6        To clearly present petitioner's request for *mandamus* relief, we begin by setting forth the history of the good conduct credit at issue in this appeal. Before Public Act 89-404 became effective, section 3-6-3 of the Unified Code of Corrections (Unified Code) allowed defendants convicted of first degree murder to receive day-for-day good conduct credit. See 730 ILCS 5/3-6-3(a)(2) (West 1994) ("[T]he prisoner shall receive one day of good conduct credit for each day of service in prison other than where a sentence of 'natural life' has been imposed. Each day of good conduct credit shall reduce by one day the inmate's period of incarceration set by the court."). Public Act 89-404 amended section 3-6-3 to provide "a prisoner who is serving a term of imprisonment for first degree murder shall receive no good conduct credit and shall serve the entire sentence imposed by the court." See 730 ILCS 5/3-6-3(a)(2)(i) (West 1996). The new sentencing provisions contained in Public Act 89-404 were referred to as the truth-in-sentencing statute (hereinafter the original truth-in-sentencing statute). On March 11, 1998, the Appellate Court, Second District, held the original truth-in-sentencing statute violated the single subject rule of the Illinois Constitution of 1970 (Ill. Const. 1970, art. IV, § 8(d)) and thus was invalid and unenforceable in its entirety. *People v. Reedy*, 295 Ill. App. 3d 34, 44, 692 N.E.2d 376, 384 (1998). In response to that decision, the General Assembly passed Public Act 90-592, § 5, which was effective on June 19, 1998 (hereinafter the recodified truth-in-sentencing

statute). Public Act 90-592 "both deleted and recodified the entire truth-in-sentencing legislation originating from Public Act 89-404." *People v. Reedy*, 186 Ill. 2d 1, 17, 708 N.E.2d 1114, 1121 (1999). On January 22, 1999, the Illinois Supreme Court agreed with the appellate court the original truth-in-sentencing statute violated the single subject clause and was unconstitutional. *Reedy*, 186 Ill. 2d at 11, 18, 708 N.E.2d at 1119, 1122.

¶ 7                                        B. Facts of This Case

¶ 8            After a 1999 trial, a jury found petitioner guilty of first degree murder (720 ILCS 5/9-1(a)(1) (West 1998)) for the death of Barry Robinson. At a September 1999 sentencing hearing, the Champaign County circuit court sentenced petitioner to 55 years' imprisonment. The sentencing judgment listed the date of offense as January 23, 1999. Petitioner appealed, and in October 2004, this court affirmed petitioner's conviction and sentence. *People v. Harris*, No. 4-99-0800 (Oct. 19, 2004) (unpublished order under Illinois Supreme Court Rule 23). In January 2005, our supreme court denied petitioner's petition for leave to appeal. *People v. Harris*, 213 Ill. 2d 567, 829 N.E.2d 791 (2005). Over the years, petitioner filed numerous postconviction petitions and other collateral petitions challenging his conviction.

¶ 9            On January 8, 2018, petitioner filed his petition seeking *mandamus* relief. In October 2018, respondent filed a combined motion to dismiss under section 2-619.1 of the Procedure Code (735 ILCS 5/2-619.1 (West 2018)). At a hearing on the motion to dismiss, petitioner requested a continuance to allow him to file an amended petition, which the circuit court granted.

¶ 10           In March 2019, petitioner filed his amended petition seeking *mandamus* relief. In his amended petition, petitioner noted the supreme court in *Reedy* held section 3-6-3(e) of the Procedure Code as amended by Public Act 90-592 (Pub. Act 90-592, § 5 (eff. June 19, 1998)

- 3 -

(amending 730 ILCS 5/3-6-3(e))) was ineffectual. *Reedy*, 186 Ill. 2d at 18, 708 N.E.2d at 1122. He claimed section 3-6-3(e) could not be severed from the rest of the recodified truth-in-sentencing statute. Thus, none of the recodified truth-in-sentencing statute applied to him. Petitioner also asserted the application of the recodified truth-in-sentencing statute to him violated his right to equal protection because he was treated differently than similarly situated inmates whose offenses occurred before June 1998.

¶ 11 In August 2019, respondents filed another section 2-619.1 motion to dismiss, arguing petitioner's complaint should be dismissed with prejudice under section 2-619 of the Procedure Code (735 ILCS 5/2-619 (West 2018)) because the recodified truth-in-sentencing statute was not unconstitutional and was properly applied to petitioner. Respondents also argued petitioner's complaint should be dismissed with prejudice under section 2-615 of the Procedure Code (735 ILCS 5/2-615 (West 2018)) because petitioner failed to plead a cause of action upon which relief could be granted. They noted petitioner was not sentenced during a period in which the unconstitutional language was present. Petitioner filed a response to the motion to dismiss, arguing he was sentenced improperly under the recodified truth-in-sentencing statute and the original truth-in-sentencing statute was unconstitutional on the date of his offense, which he stated was January 22, 1999.

¶ 12 On December 10, 2019, the circuit court held a telephone conference on respondents' motion to dismiss. The court granted respondents' motion to dismiss and dismissed petitioner's complaint with prejudice. On January 8, 2020, the court entered the written dismissal order. On December 19, 2019, before the written order was filed, petitioner filed a motion to reconsider, which the court denied on January 16, 2020.

¶ 13 On January 24, 2020, petitioner filed a timely notice of appeal from the circuit

court's written January 8, 2020, order in sufficient compliance with Illinois Supreme Court Rule 303 (eff. July 1, 2017). Thus, this court has jurisdiction of petitioner's appeal under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994).

¶ 14                                    II. ANALYSIS

¶ 15        In this case, petitioner appeals from the circuit court's dismissal of his *mandamus* action. Regardless of whether the circuit court's dismissal of petitioner's *mandamus* action was under section 2-615 or 2-619, or a combination of both sections pursuant to section 2-619.1, this court's standard of review is the same. *Jane Doe-3 ex rel. Julie Doe-3 v. White*, 409 Ill. App. 3d 1087, 1092, 951 N.E.2d 216, 223 (2011). We review *de novo* the circuit court's dismissal. *White*, 409 Ill. App. 3d at 1092, 951 N.E.2d at 223. "In doing so, we will accept as true all well-pleaded factual allegations." *White*, 409 Ill. App. 3d at 1092, 951 N.E.2d at 223. Additionally, we may affirm the dismissal on any basis in the record, regardless of the circuit court's reasoning. *O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152, ¶ 17, 36 N.E.3d 999.

¶ 16        *Mandamus* relief is an extraordinary remedy which will not be granted unless the petitioner establishes he has a clear right to the relief requested, the respondent public officer has a clear duty to act, and the public officer has clear authority to comply with the order. *People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 192-93, 909 N.E.2d 783, 791 (2009). If the act in question involves the exercise of an official's discretion, relief will not be granted. *Konetski*, 233 Ill. 2d at 193, 909 N.E.2d at 791.

¶ 17        Under Public Act 90-592, section 3-6-3(a)(2) of the Procedure Code provided the following:

            "(2) The rules and regulations on early release shall provide, with respect to *offenses committed on or after the effective date of this amendatory Act of*

- 5 -

*1998*, the following:

> (i) that a prisoner who is serving a term of imprisonment for first degree murder shall receive no good conduct credit and shall serve the entire sentence imposed by the court[.]" (Emphasis added.) Pub. Act 90-592, § 5 (eff. June 19, 1998) (amending 730 ILCS 5/3-6-3(e)).

Petitioner's sentencing judgment stated the date of his offense was January 23, 1999, but petitioner claims the date of his offense was January 22, 1999. Regardless of the date of the offense, petitioner claims the supreme court's decision in *Reedy* finding the original truth-in-sentencing statute unconstitutional was not final until March 29, 1999, and the recodified truth-in-sentencing statute was not effective until the original was declared unconstitutional. In support of his argument, petitioner cites *Johnson v. Edgar*, 176 Ill. 2d 499, 680 N.E.2d 1372 (1997), and argues that, if the supreme court had found the original statute constitutional, the decision would have rendered moot the recodified truth-in-sentencing statute.

¶ 18       As respondents note, the supreme court in *Johnson* found the fact the legislature had reenacted parts of the challenged public act did not render moot the plaintiffs' claim the public act at issue violated the single subject rule. *Johnson*, 176 Ill. 2d at 511, 680 N.E.2d at 1378. In reaching that conclusion, the supreme court noted, *inter alia*, a window of time existed when the allegedly invalid provisions of the public act were in effect and had not been superseded by subsequent legislation. *Johnson*, 176 Ill. 2d at 511, 680 N.E.2d at 1378. Thus, in *Johnson* cited by petitioner, our supreme court recognized the subsequent legislation would supersede the original legislation regardless of the constitutionality of the original legislation. Additionally, our supreme court has applied section 3-6-3(a)(2)(i) of the Procedure Code as amended by Public Act 90-592 (see Pub. Act 90-592, § 5 (eff. June 19, 1998) (amending 730

ILCS 5/3-6-3(e))) to crimes committed after June 19, 1998, the effective date of Public Act 90-592, and before the supreme court's opinion in *Reedy*. See *People ex rel. Ryan v. Roe*, 201 Ill. 2d 552, 554, 556-58, 778 N.E.2d 701, 702-04 (2002). Last, we note the supreme court in *Reedy* acknowledged the constitutional infirmity in the original truth-in-sentencing statute was corrected when the legislature passed curative legislation, the recodified truth-in-sentencing statute and therefore, the truth in sentencing provisions were no longer unconstitutional as applied to offenses committed after June 19, 1998. *Reedy*, 186 Ill. 2d at 17-18, 708 N.E.2d at 1121-22.

¶ 19 As such, the law applicable to petitioner's sentence was section 3-6-3(a)(2)(i) of the Procedure Code as amended by Public Act 90-592 (Pub. Act 90-592, § 5 (eff. June 19, 1998) (amending 730 ILCS 5/3-6-3(e))). Under that provision, petitioner was not eligible for day-for-day good conduct credit. Accordingly, petitioner was not entitled to *mandamus* relief. Thus, we find the circuit court's dismissal with prejudice of petitioner's *mandamus* petition was proper.

¶ 20 III. CONCLUSION

¶ 21 For the reasons stated, we affirm the Sangamon County circuit court's judgment.

¶ 22 Affirmed.