People ex rel. William G. Clark, Attorney General of the State of Illinois, Plaintiff-Appellant, v. John McCurdie, d/b/a Fern's Cafe, Towanda, Illinois, Defendant-Appellee.

Gen. No. 10,748.

Fourth District.

September 26, 1966.

William G. Clark, Attorney General of the State of Illinois, of Chicago (A. Zola Groves, of counsel), for appellant.

Fleming, Messman & Lapan, of Bloomington (Roger D. Lapan, of counsel), for appellee.

CRAVEN, J.

The question here for decision is the sufficiency of an amended petition to abate a nuisance, being a proceeding under the provisions of ch 38, § 13–1, et seq., Ill Rev Stats 1961, commonly known and referred to as the State Civil Rights Statute.

Originally, a petition was filed asking an injunction against the defendant restraining and enjoining the operation of a public nuisance. The petition alleged: That five residents of the State of Illinois, traveling on Route 66, stopped at Fern's Cafe, located in Towanda, Illinois, to purchase food; that members of the "general public" were being served in the cafe; and that the defendant, as owner and operator of the cafe, refused to permit the five persons to purchase and consume food on the premises and that such refusal was a "denial on account of race or color" contrary to and in violation of sections 13–1 and 13–2 of chapter 38, Ill Rev Stats 1961.

The original petition, verified by an Assistant Attorney General, had attached an affidavit of the five persons allegedly refused service. This petition was dismissed on motion, apparently on the grounds that the verification was inadequate. Thereafter, by leave of court, an amended petition, substantially the same as the original except that it was verified by one of the five persons, was filed. This amended petition, to which was appended the affidavit of the five persons, also was dismissed on motion of the defendant. One of the reasons assigned for the dismissal was the fact that the petition did not specifically allege that "these persons were obeying the rules

218

and regulations required by general patrons of the business." The Attorney General elected not to amend, and on his motion final judgment was entered, and this appeal is from that judgment.

The Civil Rights Statute is remedial and imposes obligations and duties, and gives to persons wishing to patronize places of public accommodation, as therein defined, rights unknown to the common law. Pickett v. Kuchan, 323 Ill 138, 153 NE 667 (1926); City of Chicago v. Corney, 13 Ill App2d 396, 142 NE2d 160 (1957), and cases there cited. In the last case the court used language indicating that persons seeking such public accommodation "cannot be excluded from the premises so long as they conduct themselves in a peaceable and orderly manner."

The case of White v. Pasfield, 212 Ill App 73, is urged as determinative of the question of the adequacy of the pleading. The court in its opinion did state:

". . . for aught that appears in the bill, other reasons may have existed why these particular complainants were denied the privileges mentioned and the bill was defective for this reason."

Immediately preceding that language in the opinion, however, the court stated that there was "no direct averment that complainants were deprived of the bathing facilities of the park on account of their color." The Civil Rights Statute in force at the time of White v. Pasfield contained no provision for equitable relief by way of injunction and the holding of the court in that case was only that injunctive relief was not available to the plaintiffs.

Thus, substantive changes in the statute make the Pasfield case determinative of nothing on this appeal. Further, that case was decided in 1918, at which time the rules of pleading were different. In equity bills, the plaintiff frequently was permitted to anticipate affirmative defenses and to state facts showing the nonapplicability of those defenses. The reason for this practice was that

219

the replication in equity was the last pleading and, under it, plaintiff could not prove matters in avoidance of an affirmative defense. To avail himself of such matter he was required to include it in his bill. White v. Morrison, 11 Ill 361. McCaskill, Illinois Civil Practice Act Anno, p 64. The Civil Practice Act eliminates the distinctions between pleading at law and in equity, and provides for pleadings beyond the reply when necessary, and no sound reason can be urged for retaining the common-law equity pleading rule.

The Civil Rights Statute imposes a duty upon the Attorney General, and other named officials, to investigate complaints and to institute proceedings whenever his investigation indicates evidence of violation. In such circumstances it is his duty to proceed to abate the nuisance as defined in the Act. (Ill Rev Stats 1961, c 38, § 13–4.) The Act also provides:

> "A verified petition shall be filed setting up the essential facts showing that a nuisance as herein defined exists. If it is made to appear by affidavits or otherwise, to the satisfaction of the court or judge in vacation that such nuisance exists, a temporary writ of injunction shall forthwith issue restraining the defendant from conducting or permitting the continuance of such nuisance until the conclusion of the trial: . . ." (Ill Rev Stats 1961, c 38, § 13–3(c) (1).)

Further provision as to notice of application for injunction is contained in the Act. (Ill Rev Stats 1961, c 38, § 13–3(c) (1).)

This special statutory proceeding contemplates injunctive relief, and a duty to issue a temporary injunction exists upon a showing of the requisite statutory conditions precedent. We can perceive of no reasons why the general rules as to sufficiency of pleading applicable to

support a temporary injunction are not applicable to this statutory proceeding.

■■ It is axiomatic that, in the consideration of the motion to dismiss, the factual allegations in the petition are to be taken as true. The petition is not required to make out a case which will entitle the petitioner to all of the sought ultimate relief but need only raise a fair question as to the existence of the claimed right. Capitol Records, Inc. v. Vee Jay Records, Inc., 47 Ill App2d 468, 197 NE2d 503 (1964). See also the opinion of this court in Sadewater v. City of Champaign, 74 Ill App2d 195, 219 NE2d 263.

Turning now to an examination of the allegations of the complaint as ultimately verified, and without considering the attached affidavit, we find an allegation of refusal to serve by reason of color or race, allegedly in violation of the statute. To impose upon the petitioner the duty to negate all possible defenses that may subsequently be invoked by the defendant would involve the pleading of evidence.

In the case of Cunningham v. City of Sullivan, 15 Ill App2d 561, 147 NE2d 200 (1958), the court was considering the sufficiency of a complaint seeking to recover from the city the value of the services rendered by the plaintiff as superintendent of the gas system. There was no allegation that the plaintiff was not an officer of the city at the time of his employment, thereby vitiating the contract. The court there concluded that there was no requirement on the part of the plaintiff to negate the affirmative defenses available to the defendant and that pleadings would be liberally construed to the end that form shall be inferior to substance.

■■ This petition contains sufficient allegations and gave enough information to indicate a possible violation of the Civil Rights Statute. It was not incumbent upon the plaintiff in his petition, to negate all of the possible

defenses available to the defendant. The action of the circuit court in dismissing the petition is reversed and this cause is remanded to that court with directions to proceed in accordance with the views herein expressed.

Reversed and remanded.

TRAPP, P. J., and SMITH, J., concur.