# ILLINOIS OFFICIAL REPORTS

## Supreme Court

***People ex rel. Senko v. Meersman*, 2012 IL 114163**

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* MARK SENKO, Petitioner, v. HONORABLE F. MICHAEL MEERSMAN *et al.*, Respondents. |
| Docket No. | 114163 |
| Filed | November 29, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Criminal sexual assault is, by statute, a triggering offense for consecutive sentencing; and where sentences for nontriggering sex-offender-registration offenses were also being imposed, they should be served after it, although they could be concurrent with each other. |
| Decision Under Review | Original petition for *mandamus*. |
| Judgment | Writ awarded. |

| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield (Michael A. Scodro, Solicitor General, and Michael M. Glick and Stephen M. Soltanzadeh, Assistant Attorneys General, of Chicago, of counsel), for petitioner. |
| | |
| | Lisa Madigan, Attorney General, of Springfield (Jane Elinor Notz, Deputy Solicitor General, and Eric Truett, Assistant Attorney General, of Chicago, of counsel), for respondent Hon. F. Michael Meersman. |
| | |
| Justices | JUSTICE BURKE delivered the judgment of the court, with opinion. |
| | Chief Justice Kilbride and Justices Freeman, Thomas, Garman, Karmeier, and Theis concurred in the judgment and opinion. |

**OPINION**

¶ 1    The petitioner, Mark Senko, State's Attorney of Rock Island County, seeks a writ of *mandamus* (see Ill. Const. 1970, art. VI, § 4(a)) to compel respondent, the Honorable F. Michael Meersman, judge of the circuit court of Rock Island County, to sentence defendant, Adrian Morrison, in accordance with section 5-8-4(d)(2) of the Unified Code of Corrections (Code) (730 ILCS 5/5-8-4(d)(2) (West 2010)). Petitioner argues that respondent improperly imposed concurrent sentences when consecutive sentences are mandated by the statute. For the following reasons, we award the writ.

¶ 2                              BACKGROUND

¶ 3    In December 2010, Adrian Morrison pled guilty to failing to register as a sex offender as required by section 3 of the Sex Offender Registration Act (730 ILCS 150/3(a) (West 2010)). He was sentenced to a six-month term of conditional discharge. In February 2011, Morrison was charged with unlawful failure to register a change of address in violation of section 6 of the Sex Offender Registration Act (730 ILCS 150/6 (West 2010)). In March 2011, Morrison was charged with three counts of criminal sexual assault and two counts of aggravated criminal sexual abuse. As a result of these new charges, the State filed a petition to revoke or modify the earlier sentence of conditional discharge.

¶ 4    In August 2011, at a hearing before respondent, Morrison pled guilty to unlawful failure to register a change of address and admitted the allegations in the petition to revoke conditional discharge. Sentencing for these convictions was continued, pending trial on the sexual assault and sexual abuse charges, which were before another judge.

¶ 5    In November 2011, pursuant to a plea agreement, Morrison pled guilty to one count of criminal sexual assault and was sentenced on January 27, 2012, to 12 years' imprisonment

for that offense.

¶ 6     On January 30, 2012, respondent sentenced Morrison for his earlier convictions to concurrent sentences of three years and two years, to be served concurrently with the 12-year sentence imposed on the sexual assault conviction. The State objected, arguing that section 5-8-4(d)(2) of the Code mandates that Morrison's sentences be served consecutively to the 12-year sentence, which should be served first. Respondent disagreed, stating that the sentences need not run consecutively because the registration crimes did not arise "out of the same set of facts" or "same course of conduct" as the criminal sexual assault.

¶ 7     Thereafter, the circuit court denied the States's motion for reconsideration. We granted the State leave to file a petition for a writ of *mandamus*.

¶ 8                                          ANALYSIS

¶ 9     *Mandamus* is an extraordinary remedy used to compel a public officer to perform nondiscretionary official duties. *People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 192-93 (2009). We will award *mandamus* only if the petitioner establishes a clear right to the relief requested, a clear duty of the public officer to act, and clear authority of the public officer to comply with the writ. *Id.*

¶ 10    The State argues that *mandamus* is appropriate in this case pursuant to section 5-8-4(d)(2) of the Code. That statute provides:

> "(d) Consecutive terms; mandatory. The court shall impose consecutive sentences in each of the following circumstances:
>
>                 ***
>
> (2) The defendant was convicted of a violation of Section 12-13 (criminal sexual assault), 12-14 (aggravated criminal sexual assault), or 12-14.1 (predatory criminal sexual assault of a child) of the Criminal Code of 1961 (720 ILCS 5/12-13, 5/12-14, or 5/12-14.1)." 730 ILCS 5/5-8-4(d)(2) (West 2010).

¶ 11    According to the State, the plain and unambiguous language of section 5-8-4(d)(2) requires defendant's sentences to run consecutively. Thus, the State maintains the writ should be awarded.

¶ 12    Before this court, respondent does not advance the reasoning offered in the circuit court, *i.e.*, that defendant's sentences need not run consecutively because the registration crimes did not arise out of the same course of conduct as the criminal sexual assault. Instead, respondent argues that section 5-8-4(d)(2), when considered with the entirety of paragraph (d), does not require consecutive sentences.

¶ 13    Respondent points out that other paragraphs in 5-8-4(d) contain language not contained in subsection (d)(2). For example, subsection (d)(1) provides that consecutive sentences are mandatory where "[o]ne of the offenses for which the defendant was convicted was first degree murder or a Class X or Class 1 felony and the defendant inflicted severe bodily injury." 730 ILCS 5/5-8-4(d)(1) (West 2010). Subsection (d)(2) does not contain the phrase "one of the offenses." Respondent contends this indicates that the legislature did not intend these two provisions to have the same meaning. In addition, respondent contends the State's

construction of subsection (d)(2) fails to explain the wording of subsection (d)(7), which provides that a "sentence under Section 3-6-4 *** for escape or attempted escape shall be served consecutive to the terms under which the offender is held by the Department of Corrections." 730 ILCS 5/5-8-4(d)(7) (West 2010). Respondent argues that, if an enumerated offense always triggers a consecutive sentence, then subsection (d)(7) could simply read "the defendant was convicted of a violation of Section 3-6-4 (escape or attempted escape)."

¶ 14    Similarly, subsection (d)(11) provides:

> "If a person is sentenced for a violation of bail bond under Section 32-10 of the Criminal Code of 1961, *any sentence imposed for that violation shall be served consecutive to the sentence imposed for the charge* for which bail had been granted and with respect to which the defendant has been convicted." (Emphasis added.) 730 ILCS 5/5-8-4(d)(11) (West 2010).

According to respondent, the latter half of this subsection, beginning with "any sentence imposed," is superfluous under the State's construction because it would have the same effect if it simply said "if a person was convicted for a violation of bail bond under Section 32-10 of the Criminal Code."

¶ 15    In response, the State maintains that the unambiguous language of the statute requires the imposition of a consecutive term where "[t]he defendant was convicted of *a* violation" of an enumerated offense. (Emphasis added.) 730 ILCS 5/5-8-4(d)(2) (West 2010). The State maintains that, had the legislature meant to impose consecutive terms only where the defendant was convicted of multiple enumerated offenses, it would have said so, and would not have used the phrase "*a* violation." Further, the State contends that this case is controlled by *People v. Curry*, 178 Ill. 2d 509 (1997). We agree.

¶ 16    In *Curry*, the defendant was convicted of two counts of criminal sexual assault and one count of residential burglary. *Curry*, 178 Ill. 2d at 512. The trial court sentenced the defendant to three consecutive terms of four years' imprisonment under what was then section 5-8-4(a).[1] On appeal, the defendant argued that the sentence imposed for residential burglary should be served concurrently with his sentences for criminal sexual assault. We disagreed. *Curry*, 178 Ill. 2d at 539.

¶ 17    While noting that section 5-8-4(a) did not specify whether the imposition of consecutive sentences was limited to those enumerated offenses which trigger the application of the statute, we held that the triggering offenses identified in section 5-8-4(a) were "crimes of a

---

[1]Section 5-8-4(a) provided: "The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or where the defendant was convicted of a violation of Section 12-13 [criminal sexual assault] or 12-14 [aggravated criminal sexual assault] of the Criminal Code of 1961, in which event the court shall enter sentences to run consecutively." 730 ILCS 5/5-8-4(a) (West 1992). After numerous amendments, the latter portion of this paragraph became paragraph (d)(2) in the current version of the statute.

singular nature, involving 'particularly serious invasions of the person.' [Citations.]" *Curry*, 178 Ill. 2d at 538. We concluded that in enacting the mandatory consecutive sentencing provision of section 5-8-4(a), the legislature sought to punish the commission of triggering offenses more harshly than the commission of other crimes and that this intent would be defeated if we treated the triggering and nontriggering offenses alike. Accordingly, we held that consecutive sentences were mandatory only for those offenses which trigger the application of section 5-8-4(a). *Curry*, 178 Ill. 2d at 538.

¶ 18 Nevertheless, we rejected the defendant's argument that he should be allowed to serve his residential burglary sentence concurrently, holding:

> "If the sentence for one of defendant's convictions of criminal sexual assault were permitted to run concurrent to his sentence for residential burglary, then that conviction for criminal sexual assault would be treated no differently, and no more harshly, than a conviction of a nontriggering offense. [Citation.] This result would be contrary to the legislative purpose behind section 5-8-4(a). Consequently, section 5-8-4(a) must be construed so that any consecutive sentences imposed for triggering offenses be served prior to, and independent of, any sentences imposed for nontriggering offenses. Sentences for multiple nontriggering offenses may be served concurrently to one another after any consecutive sentences for triggering offenses have been discharged." *Curry*, 178 Ill. 2d at 539.

*Curry* cannot be distinguished from the instant case. Respondent's attempt to cast doubt on *Curry* by comparing subsection (d)(2) to other provisions in the statute fails. In *Curry*, this court decided that, consistent with the statute's plain language, both subsection (d)(1) and subsection (d)(2) apply so long as one of the offenses is a triggering offense. With respect to subsections (d)(7) and (d)(11), the crimes being penalized in these subsections are unique in that they relate to preexisting sentences. Thus, unlike subsection (d)(2), these provisions do not simply require any violation of a triggering offense to be served consecutively to any term, but specify that the target sentence must be served consecutively to the sentence that predates the escape or the bail violation, ensuring that the defendant will serve extra time for failing to serve those prior sentences as required. Accordingly, this language is not superfluous; it requires the sentences for the crimes enumerated in subsections (d)(7) and (d)(11) to be served consecutively to specific, related sentences.

¶ 19 We conclude, as we did in *Curry*, that any consecutive sentences imposed for triggering offenses must be served prior to, and independent of, any sentences imposed for nontriggering offenses. While sentences for multiple nontriggering offenses may be served concurrently to one another, they must be served after any sentences for triggering offenses have been discharged. Thus, we find that, here, defendant's sentences for the two nontriggering offenses (the registration offenses), which may run concurrently to each other, *must* be served *after* his sentence for the triggering offense of criminal sexual assault.

¶ 20                                                   CONCLUSION

¶ 21 For the foregoing reasons, we issue a writ of *mandamus*, ordering respondent to vacate his sentencing order and resentence defendant in accordance with section 5-8-4(d)(2) of the

Unified Code of Corrections (730 ILCS 5/5-8-4(d)(2) (West 2010)).

¶ 22    Writ awarded.