2016 IL App (4th) 140917

**FILED**
February 25, 2016
Carla Bender
4th District Appellate
Court, IL

NO. 4-14-0917

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| KENNETH H. CEBERTOWICZ, | ) | Appeal from |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| LISA MADIGAN, | ) | No. 12MR880 |
| Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | John P. Schmidt, |
| | ) | Judge Presiding. |

_____

JUSTICE POPE delivered the judgment of the court, with opinion.
Justices Steigmann and Appleton concurred in the judgment and opinion.

**OPINION**

¶ 1        In August 2012, plaintiff, Kenneth H. Cebertowicz, filed a *pro se mandamus*

complaint, seeking to compel defendant, Lisa Madigan, the Illinois Attorney General (AG), to

investigate his claim Illinois Department of Corrections (DOC) employees were violating his

civil rights.  Thereafter, the AG filed a motion to dismiss plaintiff's complaint, which the trial

court granted.

¶ 2        Plaintiff, proceeding *pro se*, appeals, arguing the trial court erred in granting the

AG's motion to dismiss.  We affirm.

¶ 3                            I. BACKGROUND

¶ 4        Plaintiff is serving a 50-year sentence for first degree murder and a concurrent 4-

year sentence for aggravated discharge of a firearm.  At the time he filed his complaint, plaintiff

was housed at Lawrence Correctional Center.

¶ 5        On August 17, 2012, plaintiff filed a *pro se* complaint for *mandamus* relief.  In his complaint, plaintiff alleged he demanded the AG investigate his claims his civil rights were being violated by DOC employees, who refused to provide him with what he considered was his "constitutional right to a religious diet."  Plaintiff also alleged the employees were retaliating against him for filing grievances.  According to plaintiff, the AG had a duty to investigate his claims pursuant to section 1 of the Illinois Civil and Equal Rights Enforcement Act (Enforcement Act) (15 ILCS 210/1 (West 2012)).

¶ 6        On April 18, 2013, the AG filed a combined motion to dismiss pursuant to section 2-619.1 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-619.1 (West 2012)), arguing plaintiff's complaint should be dismissed pursuant to sections 2-615 and 2-619(a)(9) of the Procedure Code (735 ILCS 5/2-615, 2-619(a)(9) (West 2012)).  The AG contended plaintiff was not entitled to a writ of *mandamus* to compel the AG to investigate his claims.  According to the AG, dismissal was appropriate under section 2-615 where (1) plaintiff did not have a clear right to the relief sought and (2) the AG did not have a clear duty to conduct the requested investigation.  The AG also maintained dismissal was proper pursuant to section 2-619(a)(9) because the AG had already investigated plaintiff's claims as part of its representation of the employees previously sued by plaintiff.

¶ 7        On May 1, 2013, plaintiff filed a motion for leave to amend his complaint to add a claim for declaratory judgment.  Plaintiff's arguments in support of his declaratory judgment claim were the same as those underlying his *mandamus* claim.  (We note plaintiff focuses his argument on appeal only on his claim for *mandamus* relief.  Plaintiff does not argue the trial

court erred in dismissing his claim for declaratory judgment. As a result, plaintiff has forfeited review of that issue. See *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 55, 988 N.E.2d 984 (citing *Sellers v. Rudert*, 395 Ill. App. 3d 1041, 1046, 918 N.E.2d 586, 591 (2009) (appellant forfeits points not raised in the initial brief)).

¶ 8 On November 13, 2013, plaintiff filed his response to the AG's motion to dismiss. Plaintiff argued (1) the Enforcement Act provides the AG "shall" investigate violations of the law; (2) the AG's position she does not represent individuals was inconsistent with the AG's website, which states the mission of the AG's civil rights bureau was to protect the rights of Illinois citizens; (3) he was not attempting to interfere with the AG's prosecutorial discretion and only wanted her to investigate his claims; (4) he clearly identified the laws he was alleging were violated; (5) the AG was aware of the issues because she was, then, currently defending against three similar lawsuits plaintiff filed based on similar allegations; and (6) his claims were not moot because they had not been properly investigated.

¶ 9 On December 12, 2013, the AG filed a motion to dismiss plaintiff's amended complaint.

¶ 10 On September 24, 2014, the trial court dismissed plaintiff's amended complaint with prejudice. The court noted the word "shall" is not determinative when analyzing the mandatory-directory dichotomy. The court explained, although the Enforcement Act provides the AG "shall" investigate violations of the law regarding civil rights and bring enforcement actions, the legislature had not prescribed consequences for the failure to do so. The court found the exclusion of any consequences indicated the legislature intended the provision to be read as

directory. Thus, the court concluded the AG was not required to investigate plaintiff's claims and *mandamus* relief was unavailable to compel such an investigation.

¶ 11       This appeal followed.

¶ 12                                II. ANALYSIS

¶ 13       On appeal, plaintiff argues the trial court erred in dismissing his *mandamus* complaint for failure to state a cause of action. Specifically, plaintiff contends the court erred in ruling the term "shall" contained in the Enforcement Act is directory rather than mandatory. Plaintiff maintains the Enforcement Act imposes a mandatory duty on the AG to investigate his claims. We disagree.

¶ 14       The AG filed a combined motion to dismiss plaintiff's complaint. See 735 ILCS 5/2-619.1 (West 2012). A section 2-615 motion to dismiss (735 ILCS 5/2-615 (West 2012)) attacks the sufficiency of the complaint and raises the question of whether the allegations of the complaint, when viewed in the light most favorable to the nonmoving party, are sufficient to state a cause of action upon which relief can be granted. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429, 856 N.E.2d 1048, 1053 (2006). Because a motion to dismiss under section 2-615 challenges the legal sufficiency of the complaint by alleging defects on its face, we review an order ruling on the motion *de novo*. *City of Chicago v. Beretta U.S.A. Corp.*, 213 Ill. 2d 351, 364, 821 N.E.2d 1099, 1110 (2004). In ruling on a section 2-619 motion to dismiss, " 'the trial court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party,' and it should grant the motion 'if the plaintiff can prove no set of facts that would support a cause of action.' " *Hadley v. Montes*, 379 Ill. App. 3d 405, 407, 883 N.E.2d 703, 706 (2008) (quoting *Rodriguez v. Sheriff's Merit Comm'n of Kane County*, 218 Ill. 2d 342, 349,

843 N.E.2d 379, 382 (2006)).  We review *de novo* the dismissal of a complaint pursuant to section 2-619.  *Smith v. Waukegan Park District*, 231 Ill. 2d 111, 115, 896 N.E.2d 232, 235 (2008).

¶ 15       "*Mandamus* is an extraordinary remedy used to compel a public officer to perform nondiscretionary official duties."  *People ex rel. Senko v. Meersman*, 2012 IL 114163, ¶ 9, 980 N.E.2d 1115 (citing *People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 192-93, 909 N.E.2d 783, 791 (2009)).  For a complaint seeking *mandamus* relief to withstand a motion to dismiss, "it must allege facts which establish a clear right to the relief requested, a clear duty of the respondent to act, and clear authority in the respondent to comply with the writ."  *Noyola v. Board of Education of the City of Chicago*, 179 Ill. 2d 121, 133, 688 N.E.2d 81, 86 (1997).  For the reasons that follow, we find the necessary *mandamus* factors are not present in this case.

¶ 16       "Whether a statutory command is mandatory or directory is a question of statutory construction, which we review *de novo*."  *People v. Robinson*, 217 Ill. 2d 43, 54, 838 N.E.2d 930, 936 (2005).  Section 1 of the Enforcement Act provides the following:

> "There is created in the office of the Attorney General a Division for the Enforcement of Civil and Equal Rights.  The Division, under the supervision and direction of the Attorney General, shall investigate all violations of the laws relating to civil rights and the prevention of discriminations against persons by reason of race, color, creed, religion, sex, national origin, or physical or mental handicap, and shall, whenever such violations are established, undertake necessary enforcement measures."  15 ILCS 210/1 (West 2012).

¶ 17    Plaintiff contends the AG lacks discretion to decline to investigate his claims because the Enforcement Act contains the term "shall." However, as argued by the AG, a statute's use of the term "shall" is not dispositive. *Robinson*, 217 Ill. 2d at 54, 838 N.E.2d at 936 (under the mandatory/directory dichotomy, "shall" does not control the outcome). Instead, the proper inquiry is whether a statute is mandatory or directory. See *In re M.I.*, 2013 IL 113776, ¶ 16, 989 N.E.2d 173. "[S]tatutes are mandatory if the intent of the legislature dictates a particular consequence for failure to comply with the provision." *People v. Delvillar*, 235 Ill. 2d 507, 514, 922 N.E.2d 330, 335 (2009). However, "[i]n the absence of such intent[,] the statute is directory and no particular consequence flows from noncompliance." *Delvillar*, 235 Ill. 2d at 515, 922 N.E.2d at 335. Here, a reading of the plain language of the Enforcement Act reveals no consequence for noncompliance. This indicates the legislature's intent the statute should be construed as discretionary, not mandatory.

¶ 18    Plaintiff cites *People ex rel. Clark v. McCurdie*, 75 Ill. App. 2d 217, 220 N.E.2d 318 (1966), a prior decision by this court, in support of his position the AG's duty to investigate his claim is mandatory. In *McCurdie*, we stated "[t]he Civil Rights Statute imposes a duty upon the Attorney General, and other named officials, to investigate complaints and to institute proceedings whenever his investigation indicates evidence of violation." *McCurdie*, 75 Ill. App. 2d at 220, 220 N.E.2d at 320. However, in his reply brief, plaintiff concedes *McCurdie* is based on a different statute than the one at issue here and agrees with the AG it has since been repealed. See Pub. Act 81-1216, § 10-108 (eff. July 1, 1980) (repealing Ill. Rev. Stat. 1979, ch. 38, ¶ 13-4).

¶ 19    Moreover, unlike the Enforcement Act, the "Civil Rights Statute" provided a consequence for the AG's failure to enforce that statute. See Ill. Rev. Stat. 1961, ch. 38, § 13-

4(c) (empowering the trial court to appoint a special assistant AG to prosecute the cause when the AG fails to act within a reasonable time). Although plaintiff claims the "Civil Rights Statute" was reenacted as the Enforcement Act, he fails to cite any authority for his position. "[B]are contentions that fail to cite any authority do not merit consideration on appeal." *People v. Clinton*, 397 Ill. App. 3d 215, 224, 922 N.E.2d 1118, 1127 (2009) (citing *People v. Nieves*, 192 Ill. 2d 487, 503, 737 N.E.2d 150, 158 (2000)). As such, we find plaintiff's reliance on *McCurdie* unpersuasive.

¶ 20    Plaintiff has also failed to show he had a clear right to the relief he seeks. It is well established the AG "does not represent private individuals." *Hadley v. Ryan*, 345 Ill. App. 3d 297, 303, 803 N.E.2d 48, 54 (2003). Instead, the AG "represent[s] the interests of all the people of the State of Illinois" as a whole. (Internal quotation marks omitted.) *Hadley*, 345 Ill. App. 3d at 303, 803 N.E.2d at 54 (rejecting the plaintiff's argument the AG was required to represent the interests of prisoners because they were " 'people of the State of Illinois' "). In fact, the AG's website for the Civil Rights Bureau provides the following caveat: "The [AG] represents the People of the State of Illinois, not the individual making a complaint. Filing a complaint with the [AG] is not a substitute for bringing an individual lawsuit in court ***." Civil Rights Bureau, Defending Your Rights (1 Aug. 2015), *available at* http://www.illinoisattorneygeneral.gov/rights/Civil_Rights_Bureau _Brochure.pdf.

¶ 21    In sum, plaintiff has failed to demonstrate clear duty on the AG's part to act or a clear right to the requested relief. Accordingly, the trial court did not err in dismissing plaintiff's *mandamus* complaint.

¶ 22                     III. CONCLUSION

¶ 23    For the reasons stated, we affirm the trial court's judgment.

¶ 24    Affirmed.