NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 241626-U

NO. 4-24-1626

IN THE APPELLATE COURT

FILED
January 2, 2026
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Stephenson County |
| ADRIAN RUCKER, | ) | No. 04CF359 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Glenn R. Schorsch |
| | ) | Judge Presiding. |

JUSTICE VANCIL delivered the judgment of the court.
Justices Cavanagh and Harris concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court affirmed, holding defendant's petition for a writ of *mandamus* was untimely filed.

¶ 2     Defendant, Adrian Rucker, appeals from the dismissal of his petition for a writ of *mandamus*. The State moved to dismiss because the petition was untimely and could not state proper grounds for relief. The trial court dismissed the petition.

¶ 3     Defendant appeals, arguing he sufficiently stated a claim for *mandamus* relief. We find the petition was untimely filed. Accordingly, we affirm.

¶ 4                                   I. BACKGROUND

¶ 5     In 2006, after a jury trial, defendant was convicted of two counts of first degree murder (720 ILCS 5/9-1(a)(1), (2) (West 2004)) and one count each of aggravated battery with a firearm (*id.* § 12-4.2), aggravated discharge of a firearm (*id.* § 24-1.2), and unlawful possession of

a weapon by a felon (*id.* § 24-1.1). After merging the aggravated-battery and aggravated-discharge-of-a-firearm convictions, the trial court sentenced defendant to concurrent terms of 60 years' imprisonment for first degree murder, including a 25-year firearm enhancement, and 28 years' imprisonment for unlawful possession of a weapon by a felon.

¶ 6    On direct appeal, the appellate court affirmed, but modified defendant's sentence for unlawful possession of a weapon by a felon to 14 years' imprisonment and amended the mittimus to provide an additional nine days' credit toward defendant's sentence. *People v. Rucker*, No. 2-06-0694 (2008) (unpublished order under Illinois Supreme Court Rule 23). Defendant filed a *pro se* petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2012)), and the trial court dismissed it as frivolous and patently without merit. The appellate court affirmed the summary dismissal of the petition. *People v. Rucker*, 2014 IL App (2d) 120951-U, ¶ 21.

¶ 7    In November 2014, defendant filed a *pro se* petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2014)). In his petition, defendant argued, in part, the firearm enhancement was void because the State did not put him on notice of the enhanced penalty in the charging instrument or in a statutory notice of its intent to seek an aggravating factor. He also argued the enhancement was not submitted to the jury, which did not receive separate aggravating-factor instruction or a special verdict form. The trial court granted the State's motion to dismiss the petition. On appeal, the appellate court found the trial court denied defendant due process by dismissing the petition before defendant could meaningfully respond to the State's motion to dismiss. *People v. Rucker*, 2018 IL App (2d) 150855, ¶ 30. Accordingly, the appellate court vacated the dismissal and remanded for further proceedings. *Id.* ¶ 32. While the appeal was pending, defendant also filed a motion for leave to file

a successive postconviction petition, which contained allegations unrelated to the current appeal. That motion was denied. Defendant appealed but later voluntarily dismissed that appeal.

¶ 8        On remand, the trial court ordered defendant to respond to the State's motion to dismiss the section 2-1401 petition. Defendant did so. On October 16, 2018, the court again dismissed the petition, finding the petition was untimely filed and the court's previous judgment was not void when it had jurisdiction over the matter.

¶ 9        Defendant did not appeal the dismissal of his section 2-1401 petition. Instead, on November 1, 2018, defendant filed a petition for a writ of *mandamus*, again alleging the firearm enhancement was void for the same reasons raised in his previous section 2-1401 petition. The State initially moved to dismiss without specifically designating whether the motion was brought under section 2-615 or section 2-619 of the Code (735 ILCS 5/2-615, 2-619 (West 2024)), arguing the petition (1) was untimely, (2) was barred by *res judicata*, and (3) could not state proper grounds for relief. The State later filed a second motion to dismiss under sections 2-615 and 2-619 of the Code, arguing the petition was untimely and could not state proper grounds for relief. Defendant responded, in part, that *mandamus* could be used to attack a void judgment and alleged he faced delays in filing his petition because of misinformation from his trial counsel, prison lockdowns, and limited access to the prison law library. He stated he learned of his claim 10 years after his trial and it took him another 2 years to "plead the facts and file the *mandamus*." The trial court granted the motion to dismiss, primarily on the ground the petition was untimely.

¶ 10        This appeal followed.

¶ 11                            II. ANALYSIS

¶ 12        On appeal, defendant argues the trial court erred in dismissing his petition. The State argues the petition (1) was untimely, (2) was barred by *res judicata*, and (3) could not state

proper grounds for relief.

¶ 13    Section 2-619.1 of the Code allows a movant to combine motions to dismiss under sections 2-615 and 2-619 into a single motion. *Id.* § 2-619.1. Although the motion to dismiss is before us in its entirety, we need only consider defendant's argument regarding the timeliness of his petition, which was part of the section 2-619 portion of his motion.

¶ 14    A section 2-619 motion to dismiss admits the legal sufficiency of the pleading but asserts an affirmative defense or other matter that avoids or defeats the claim. *Barber v. American Airlines, Inc.*, 241 Ill. 2d 450, 455 (2011). Section 2-619(a)(5) of the Code provides for the involuntary dismissal of an action when it "was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2024). "In deciding a section 2-619 motion, a court accepts all well-pleaded facts and their inferences as true and construes all pleadings and supporting documents in favor of the nonmoving party." *In re Estate of Shelton*, 2017 IL 121199, ¶ 21. Dismissals under section 2-619 and questions of law are both subject to *de novo* review. *Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 43.

¶ 15    "*Mandamus* is an extraordinary remedy used to compel a public officer to perform nondiscretionary official duties." *People ex rel. Senko v. Meersman*, 2012 IL 114163, ¶ 9. A court will award *mandamus* only if the petitioner establishes a clear right to the relief requested, a clear duty of the public officer to act, and clear authority of the public officer to comply with the writ. *Id.*

¶ 16    The timelines of a *mandamus* action is normally addressed as an issue of *laches*. See, *e.g.*; *IP Plaza, LLC v. Bean*, 2011 IL App (4th) 110244, ¶¶ 44-45. A period of six months has been established as the time within which a petition for *mandamus* relief must be filed, unless there is a reasonable explanation for further delay. See *Hadley v. Ryan*, 345 Ill. App. 3d 297, 302 (2003);

*People ex rel. Fleming v. Conlisk*, 11 Ill. App. 3d 520, 523 (1973). "The *laches* defense 'bars claims by those who neglect their rights to the detriment of others.' " *IP Plaza*, 2011 IL App (4th) 110244, ¶ 44 (quoting *People v. Wells*, 182 Ill. 2d 471, 490 (1998)).

¶ 17          "Generally, a party asserting the defense of *laches* must prove (1) the lack of due diligence by the party asserting the claim, and (2) prejudice to the party asserting the defense." *Id.* ¶ 45. "A plaintiff's lack of due diligence is established by a showing of a lapse of more than six months from the accrual of the cause of action and the filing of the *mandamus* petition, unless the plaintiff offers a reasonable excuse for the delay." *Id.* Prejudice is inherent where there is a detriment or inconvenience to the public resulting from the delay. *Tolbert v. Godinez*, 2020 IL App (4th) 180587, ¶ 34.

¶ 18          Here, defendant's cause of action accrued when he was convicted in 2006, yet he did not seek to file his *mandamus* action until November 2018. Defendant alleged he did not know of the law at that time and was misinformed by his trial counsel. However, "[i]t is well settled that all citizens are charged with knowledge of the law." *People v. Lander*, 215 Ill. 2d 577, 588 (2005). "Ignorance of the law or legal rights will not excuse a delay in filing a lawsuit." *Id.*

¶ 19          Defendant also alleged prison lockdowns and limited access to the prison law library resulted in delays. He stated that at the time he learned of his claim 10 years after his trial, it took him another 2 years to "plead the facts and file the *mandamus*." However, plaintiff previously filed multiple *pro se* materials in the trial court during the time period at issue, including filing a section 2-1401 petition in 2014 that raised the same claims regarding the firearm enhancement. Plaintiff does not explain how he was able to file his initial section 2-1401 petition raising the issue of the firearm enhancement in 2014, yet he was unable to file his action for *mandamus* until 2018. Accordingly, defendant lacked diligence in asserting his claim.

¶ 20        As to prejudice, the State and the public have an interest in the finality of judgments. Here, defendant first sought to raise issues regarding the enhancement through an untimely section 2-1401 action. He also filed multiple other *pro se* pleadings over the years that failed to raise the issue. Had defendant timely raised the matter, it could have been more timely resolved, resulting in less litigation at the public expense. Accordingly, we affirm.

¶ 21        Because we find the trial court property dismissed the petition as untimely, we need not address the State's remaining arguments. Regardless, we also note that *mandamus* is an extraordinary remedy, compelling a public official to perform a purely ministerial and nondiscretionary act. *Oliver v. Kuriakos-Ciesil*, 2020 IL App (4th) 190250, ¶ 22. "*[M]andamus* does not serve as a substitute for, or method to circumvent, an appeal." *Id.* ¶ 23. *Mandamus* is also not intended to correct, direct, or control the action of a judge in any matter which he or she has jurisdiction to decide. *Id.* ¶ 23.

¶ 22        Here, defendant raised in part discretionary issues regarding jury instructions that were not objected to at trial. "A judgment is void for purposes of *mandamus* only if the court lacked the power to enter the order due to an absence of personal or subject matter jurisdiction or the judgment is based on a facially unconstitutional statute that is void *ab initio*." *Id.* ¶ 25. Defendant did not appeal the previous denial of his section 2-1401 petition finding his sentence was not void when the trial court had jurisdiction over the matter. He cannot now attempt to use an action in *mandamus* as a substitute for an appeal of that ruling. Thus, while we hold the petition was untimely, we also note the apparent lack of proper grounds for *mandamus* relief to be granted.

¶ 23                        III. CONCLUSION

¶ 24        For the reasons stated, the judgment of the trial court is affirmed.

¶ 25        Affirmed.