# Illinois Official Reports

## Appellate Court

---

### *People v. Morales*, 2015 IL App (1st) 131207

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. CHRISTIAN MORALES, Defendant-Appellee. |
| District & No. | First District, Fourth Division<br>Docket No. 1-13-1207 |
| Filed | January 6, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The rescission of the suspension of defendant's driver's license following his arrest for driving under the influence of alcohol was reversed where the rescission was granted based on defendant's allegation that the State failed to comply with his due process rights when the Secretary of State issued the letter confirming the suspension of defendant's license after the suspension had already become effective, since there was no procedural due process deprivation where defendant was provided with notice that his license would be suspended 46 days after the day of his arrest on the day of his arrest in the "Notice of Summary Suspension" and that notice also informed him of the hearing procedure. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. TW-483734; the Hon. Susan Kennedy Sullivan, Judge, presiding. |
| Judgment | Reversed. |

| Counsel on Appeal | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, John E. Nowak, and Andrea V. Salone, Assistant State's Attorneys, of counsel), for the People. |
| --- | --- |
| | No brief filed for appellee. |
| Panel | PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court, with opinion. Justices Howse and Epstein concurred in the judgment and opinion. |

**OPINION**

¶ 1      The State appeals the trial court's rescission of the summary suspension of defendant Christian Morales' driver's license following his arrest for driving under the influence of alcohol. We reverse.

¶ 2      <center>I. BACKGROUND</center>

¶ 3      On August 4, 2012, defendant was arrested for driving under the influence of alcohol. According to Chicago police sergeant Zelitzky's sworn report, which is included in the record on appeal, defendant was pulled over for failing to stop at a stop sign. When Sergeant Zelitzky approached, he noted that defendant's eyes were glassy and bloodshot, his speech was slurred, he had a "strong odor" of alcoholic beverages on his breath, and was "very excited and combative." Defendant was issued a ticket for not having a valid driver's license, operating an uninsured vehicle, and driving under the influence in violation of section 11-501 of the Illinois Vehicle Code (the Code) (625 ILCS 5/11-501(a)(2) (West 2012)). At that time, defendant was given a copy of Sergeant Zelitzky's sworn report, which noted that defendant's driver's license was not surrendered on the scene because defendant was not carrying a driver's license. The statement, titled "Notice of Summary Suspension," was given to defendant on August 4, 2012. In bold print, it stated:

> "The suspension shall take effect on the 46th day following issuance of this notice of summary suspension. Subsequent to an arrest for violating Section 11-501 of the Illinois Vehicle Code, or similar provision of a local ordinance, you are hereby notified that on the date shown above, you were asked to submit to a chemical test(s) to determine the alcohol, other drug(s), intoxicating compound(s), or any combination thereof, content of your breath, blood, or urine and warned of the consequences pursuant to Section 11-501.1 of the Illinois Vehicle Code. You have the right to a hearing to contest your suspension. You must file a petition to rescind your suspension within 90 days of this notice."

¶ 4      Additionally, it indicated:

"Because you refused to submit to or failed to complete testing, **your driver's license and/or privileges will be suspended for a minimum of 12 months.**" (Emphasis in original.)

¶ 5 The Secretary of State sent defendant a "confirmation of statutory summary suspension" in which it confirmed that defendant's "Illinois driver's license and his privilege to operate a motor vehicle or to obtain a driver's license in Illinois are suspended on the date shown above." The "date shown above" stated: "Summary Suspension Effective at 12:01 a.m. on 09-19-12."

¶ 6 Defendant filed a standard form petition to rescind the statutory summary suspension on October 9, 2012. The State answered ready on defendant's petition within 30 days of filing the petition. Defendant argued that the letter he received from the Secretary of State was received after the forty-sixth day and that the Secretary of State could not retroactively effectuate the suspension. Defendant received the confirmation of the statutory summary suspension letter from the Secretary of State on October 29, 2012. It was postmarked October 24, 2012. On November 2, 2012, defendant filed a motion to rescind the statutory summary suspension.

¶ 7 At the initial hearing on November 8, 2012, regarding the statutory summary suspension, before witnesses were sworn, defendant alleged that his right to due process had been violated. He argued that he had filed an appearance of counsel and the petition to rescind the statutory summary suspension and that there was no statutory summary suspension confirmation on that date, which was 66 days after the notice and arrest. The court continued the case by agreement a number of times over the following weeks.

¶ 8 On December 3, 2012, the parties appeared before a different judge, prepared to argue the November 2 motion to rescind the statutory summary suspension rather than defendant's petition to rescind the statutory summary suspension. The State argued that the summary suspension went into effect on the forty-sixth day and that, even if it had not, defendant's motion failed to state why rescission was a proper remedy for an alleged section 11-501 violation. The court determined that it was the petition–rather than the motion–that should have been addressed first. It set a date for a hearing on both the motion and the petition to rescind the statutory summary suspension, noting:

"THE COURT: *** I'm not even going to address the motion. It would have been addressed in the petition. And you agreed to excuse the necessary parties to make that possible."

¶ 9 On December 19, 2012, the court held a hearing on defendant's motion to rescind the statutory summary suspension. At the hearing, defendant introduced the letter of confirmation he previously received from the Secretary of State. The trial court was disturbed by the fact that the Secretary of State did not issue the letter to defendant confirming his statutory summary suspension until after the suspension had already begun and stated:

"THE COURT: *** I believe there is an issue with respect to due process in this case. It is quite out of the ordinary that a defendant comes in with actually stamped envelopes that coincide with the argument that he did not receive this information from the Secretary of State until after October 26th because that was the date of the file stamp. Moreover–or not file stamp by the postage stamp. Moreover the actual letter itself conveyed in this envelope is dated October 24, two days before the mailing. And notwithstanding the fact that there may have been a sensible notice on

- 3 -

the part of the defendant because he did receive the original warnings or admitted that he received the original warnings, I'm going to grant the motion on the petition to rescind based on a failure to comply with due process rights."

¶ 10    The trial court granted defendant's motion to rescind the summary suspension, finding:

"It is hereby ordered that the statutory summary suspension of Christian Morales' driving privileges is RESCINDED based on a due process violation, to wit, a failure to comply with 625 ILCS 5/11-501.1(g)."[1]

¶ 11    The State filed a motion to reconsider, which the trial court denied.

¶ 12    The State appeals.

¶ 13                                   II. ANALYSIS

¶ 14    Before discussing the merits of this appeal, we note that defendant has not filed an appellee's brief. We decide this cause, however, without the aid of the appellee brief, pursuant to *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (where the record is simple and the claimed errors are such that the reviewing court can decide them without the assistance of an appellee's brief, the court should address the merits of the appeal).

¶ 15    On appeal, the State contends that the circuit court erred in determining that defendant's due process rights were violated in a failure to comply with section 11-501.1(g) of the Code and in subsequently granting defendant's motion to rescind. Specifically, the State argues that defendant properly received notice of the suspension of his license on the day of his arrest, and also received opportunity for a hearing. For the following reasons, we agree.

¶ 16    In Illinois, when a person is arrested for DUI, his driving privileges are automatically suspended under the Illinois Vehicle Code. 625 ILCS 5/11-501.1(e) (West 2012). The procedure is as follows: when a motorist is arrested for DUI, the arresting officer may request that he submit to a chemical test. 625 ILCS 5/11-501.1(a) (West 2012). If the defendant refuses testing or the test results reveal an alcohol concentration of 0.08 or higher, the officer must give the motorist a notice of summary suspension. 625 ILCS 5/11-501.1(d), (f) (West 2012). The officer must also submit, to the Secretary of State and the circuit court of venue, a sworn report detailing the results of the test or the motorist's refusal to take it. 625 ILCS 5/11-501.1(d) (West 2012). Upon receiving that report, the Secretary of State must confirm the effective date of the suspension. 625 ILCS 5/11-501.1(h) (West 2012).

¶ 17    The motorist may file a written petition to rescind the statutory summary suspension of his license and receive a hearing. To do so, he must file the written petition within 90 days after being served with the notice of summary suspension. 625 ILCS 5/11-501.1(b) (West 2012). "[A] summary suspension rescission hearing is civil in nature [citation] and is not part of the criminal process [citation]." *People v. Teller*, 207 Ill. App. 3d 346, 349 (1991). Rather, it is an administrative device designed to promptly remove impaired drivers from the road. *People v. Fisher*, 184 Ill. 2d 441, 451-52 (1998). Such hearing must take place within 30 days. 625 ILCS 5/11-501.1(b) (West 2012).

---

[1]Section 11-501(g) of the Code reads:

"The statutory summary suspension or revocation and disqualification referred to in this Section shall take effect on the 46th day following the date the notice of the statutory summary suspension or revocation was given to the person." 625 ILCS 5/11-501.1(g) (West 2012).

"The scope of a hearing on a petition to rescind is limited to the following:

'(1) whether the person was placed under arrest for driving under the influence; (2) whether the arresting officer had reasonable grounds to believe that the person was driving under the influence; (3) whether, after being advised by the arresting officer that the privilege to operate a motor vehicle would be suspended if the person refused to submit to blood-alcohol testing, the person refused to submit to such a test; and (4) whether, after being so advised, the person submitted to such testing and the test revealed a blood-alcohol concentration of .08 or greater.' *People v. Lent*, 276 Ill. App. 3d 80, 81 (1995) (citing 625 ILCS 5/2-118.1(b) (West 1994))." *People v. Grabeck*, 2011 IL App (2d) 100599, ¶ 13.

¶ 18    In regard to a summary suspension of a driver's license, "notice" is the officer's sworn report. See 625 ILCS 5/11-501.1 (West 2012); *People v. Donnelly*, 327 Ill. App. 3d 1101, 1104 (2002) ("the sworn report indicated that the defendant was served with notice of his statutory summary suspension on January 28, 2001, the date of his arrest"). Section 11-501(g) of the Code is a self-executing provision under which the summary suspension automatically begins 46 days after the officer serves the motorist with notice that the motorist's license is to be suspended:

"[We] think section 11-501(g)'s meaning is plain. The 'notice' is that which the officer gives the motorist on the scene. Thus, section 11-501.1(g) is a self-executing provision under which a summary suspension starts 46 days after the officer serves the motorist with notice that the motorist's license is to be suspended." *People v. Eidel*, 319 Ill. App. 3d 496, 503 (2001).

¶ 19    At a hearing to rescind a statutory summary suspension, a defendant carries the burden of making a *prima facie* case for rescission. *People v. Kavanaugh*, 362 Ill. App. 3d 690, 695 (2005). Once the defendant has done so, the burden of presenting evidence to justify the suspension shifts to the State. *Kavanaugh*, 362 Ill. App. 3d at 695. A reviewing court must be deferential to the trial court's factual findings and not reverse those findings unless they are against the manifest weight of the evidence. *People v. Wear*, 229 Ill. 2d 545, 561 (2008). A reviewing court is free, however, to assess the facts and draw conclusions, and thus, review *de novo* the legal ruling on whether a petition to rescind should have been granted. *Wear*, 229 Ill. 2d at 562.

¶ 20    In the case at bar, the trial court granted the motion to rescind based on an alleged failure to comply with defendant's due process rights because the Secretary of State issued the letter confirming the suspension after the suspension had already become effective. This was a finding of a procedural due process violation. See *People v. Cardona*, 2013 IL 114076, ¶ 17 ("a procedural due process claim asserts that the deprivation at issue is constitutionally invalid because the process leading up to it was deficient, whereas a substantive due process claim asserts that the deprivation at issue is constitutionally invalid in and of itself, irrespective of the process leading up to it"). Procedural due process "requires that a person in danger of serious loss of life, liberty or property be given notice of the case against him and opportunity to meet it." (Internal quotation marks omitted.) *People v. Stanley*, 369 Ill. App. 3d 441, 448 (2006). "The first step in a procedural due process challenge is to determine whether an individual has been deprived of life or a protected liberty or property interest." *Stanley*, 369 Ill. App. 3d at 448. "The second step is to determine what process is 'due' before such a deprivation may occur." *Stanley*, 369 Ill. App. 3d at 448. "The fundamental requirements of due process are notice of the proceeding and an opportunity to

present any objections." *Cardona*, 2013 IL 114076, ¶ 15 (citing *People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 201 (2009)).

¶ 21   Here, no procedural due process deprivation occurred where defendant was provided both notice and an opportunity to be heard. First, defendant had clear notice that his driver's license would be suspended 46 days after the day of his arrest. He received this notice on August 4, 2012, the day of his arrest. Specifically, the "Notice of Summary Suspension" document, which is included in the record on appeal, states in bold print:

> "The suspension shall take effect on the 46th day following issuance of this notice of summary suspension."

¶ 22   As noted above, section 11-501(g) is a self-executing provision under which summary suspension automatically begins 46 days following the time–here, the arrest itself–the officer serves the motorist with notice that the motorist's license is to be suspended. See *Eidel*, 319 Ill. App. 3d at 503. This notice also informed defendant that, "[b]ecause you refused to submit to or failed to complete testing, your driver's license and/or privileges will be suspended for a minimum of 12 months." Additionally, the notice explained the hearing procedure to defendant, stating: "You have the right to a hearing to contest your suspension. You must file a petition to rescind your suspension within 90 days of this notice." Defendant, therefore, had until November 2, 2012, to petition for judicial review of the summary suspension of his driver's license. In fact, defendant did so, filing his petition to rescind the statutory summary suspension on October 9, 2012, as well as a subsequent motion to rescind statutory summary suspension. Defendant also had a hearing before the trial court, which court ultimately granted the rescission.

¶ 23   The confirmation letter from the Secretary of State was only that: a letter of confirmation. By its letter, the Secretary of State was not providing *notice* to defendant that his license was to be summarily suspended; defendant already received the notice when he received the "Notice of Summary Suspension" upon his arrest. The letter from the Secretary of State was merely a confirmation to defendant that his license was suspended. That it arrived at defendant's doorstep once his suspension had already begun is, in this situation, of no import, as it did not impact defendant's procedural due process rights. Defendant had proper notice and properly had opportunity for a hearing.

¶ 24   We find no due process violation where defendant was provided both notice and a hearing. He was served with notice on August 4, 2012, when he was arrested, and had an opportunity to present any objections in a hearing before the circuit court when he filed his petition to rescind the statutory summary suspension and his motion to rescind the statutory summary suspension. Defendant had opportunity to be heard and was, in fact, heard at a hearing in the trial court. We find that the trial court erred when it granted the rescission based on a violation of due process rights.

¶ 25                                   III. CONCLUSION

¶ 26   For all of the foregoing reasons, we reverse the decision of the circuit court of Cook County.

¶ 27   Reversed.