NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180614-U

NO. 4-18-0614

FILED
June 11, 2020
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| ROBERTO HURTADO, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Livingston County |
| GLADYSE TAYLOR, ABERARDO SALINAS, | ) | No. 17MR61 |
| SHERRY BENTON, and SCOTT HOLTE, | ) | |
|     Defendants-Appellees. | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices DeArmond and Turner concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court reversed the trial court's dismissal of plaintiff's claim suggesting his due process rights were violated where his request to interview witnesses was denied and remanded for further proceedings on that claim. The appellate court otherwise affirmed the dismissal of plaintiff's remaining claims in his complaint.

¶ 2     Plaintiff, Roberto Hurtado, an inmate in the custody of the Illinois Department of Corrections (DOC), appeals from the trial court's dismissal of his complaint against various DOC officials and employees. On appeal, plaintiff argues, contrary to the finding of the trial court, his complaint sufficiently alleged several claims for which relief could be granted. We affirm in part, reverse in part, and remand for further proceedings.

¶ 3                                  I. BACKGROUND

¶ 4                                      A. Complaint

¶ 5        In January 2016, plaintiff filed a complaint seeking to have prison disciplinary proceedings which allegedly resulted in the revocation of "good time" credit and the imposition of a one-year term of disciplinary segregation reviewed under a common-law writ of *certiorari*. Plaintiff served the following DOC officials and employees as defendants: Gladyse Taylor, Aberardo Salinas, Sherry Benton, and Scott Holte.

¶ 6        In his complaint, plaintiff alleged claims suggesting defendants failed to accord him the due process protections to which he was entitled and violated various administrative rules. With respect to his due process claim, plaintiff asserted he was entitled to certain procedural protections as the revocation of good time credit and the imposition of a one-year term of disciplinary segregation imposed on a liberty interest. In support of his assertion suggesting the imposition of a one-year term of disciplinary segregation imposed on a liberty interest, plaintiff cited *Rowe v. DeBruyn*, 17 F.3d 1047, 1053 (7th Cir. 1994). Plaintiff further asserted he was not accorded the requisite procedural protections given the untimely notice of the disciplinary proceedings, refusal to interview requested witnesses, and unsupported findings of guilt. As to the refusal to interview requested witnesses, plaintiff alleged he submitted "Witness Request Forms" prior to the adjustment committee hearing and then verbally repeated his request during the adjustment committee hearing.

¶ 7        Plaintiff attached various exhibits to his complaint, including, *inter alia*, two inmate disciplinary reports, a written offender request, a written statement he prepared for an adjustment committee hearing, an adjustment committee's final summary report, a grievance plaintiff filed following the adjustment committee hearing, a grievance officer report denying plaintiff's

grievance, and a letter ruling on plaintiff's appeal from the denial of his grievance. The following is gleaned from the attached exhibits.

¶ 8     On October 3, 2014, plaintiff, an inmate at Pontiac Correctional Center (Pontiac), was served with a one-page inmate disciplinary report. According to the report, plaintiff was placed "in Investigative Status" for the safety and security of the institution as he was being investigated for his participation in unauthorized organizational activity relating to a mass protest held in the "North House 2 and 4 Galleries." The report includes the following information:

> "You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along the lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing."

The bottom quarter of the one-page report is separated by a dotted line, below which it states "(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)." The area below the dotted line has an area to provide the names of two witnesses and a short, one-line per witness explanation of what each witness would testify to. The bottom quarter of the report remains attached and does not contain any information concerning requested witnesses.

- 3 -

¶ 9 On October 16, 2014, plaintiff was served with a two-page inmate disciplinary report, which "replace[d]" the previous report. According to the report, the prison intelligence unit received information from multiple confidential sources and informants between August and October 2014 indicating members from the Latin Folks security threat group housed in "North AD" were composing a proposal to be sent to the warden concerning demands for AD inmates, such as "a step down program, no restraints, mail issues, [and] time frames," and planning a protest to begin inside the prison on September 25, 2014, with inmates from other security threat groups showing support by refusing trays, yard, and showers and by refusing to speak to staff, and a protest to begin outside the prison on September 27, 2014, with civilians holding a silent vigil near the prison. On September 15, 2014, the warden began receiving multiple handwritten proposals following a similar outline from inmates housed in North AD, including plaintiff. From September 25 through October 1, 2014, plaintiff refused all meals, showers, and yard and refused to speak with staff. On September 27, 2014, eight civilians protested outside the prison. During an investigation into the protest, plaintiff, who had been previously identified as an influential leader with the Latin Kings security threat group, was identified by confidential sources as being on the "Latin Kings Crown Council" at Pontiac. Plaintiff's participation in the protest and influence assisted in causing over 60 AD inmates to join in the protest. On October 6, 2014, plaintiff was interviewed and refused to provide a "relevant" statement and "was extremely insolent and rude to the investigator." Based on this information, the report indicated plaintiff had violated DOC regulation 110, which prohibits impeding an investigation, and DOC regulation 205, which prohibits security threat group or unauthorized organizational activity. The report noted the statements from the confidential sources and informants were deemed reliable due to corroborating

statements, past reliability, and independence. The report also noted the identities of the confidential sources and informants were omitted from the report for safety and security reasons. The report contains the same information as the prior report concerning the process by which plaintiff could request witnesses be interviewed. The bottom quarter of the first page of the two-page report appears to be missing.

¶ 10    Sometime prior to an adjustment committee hearing, plaintiff prepared a written statement. In the statement, plaintiff denied being involved with a security threat group, participating in unauthorized organization activity, or impeding an investigation. Plaintiff acknowledged writing the warden, refusing meals, and refusing showers but asserted his actions were unrelated to any unauthorized organization activity.

¶ 11    On October 18, 2014, plaintiff completed an "Offender Request" form, which he directed to the adjustment committee. The form provided different categories of requests, such as interview, cell assignment, visit, banking, purchase, and "other." Plaintiff selected "other" and wrote, "Witness Request." He also wrote, "(Attached is the bottom part of the Disciplinary Report dated 10-16-14.)" The bottom part of the disciplinary report, however, is not included as part of the exhibit to his complaint. The exhibit to his complaint did include a four-page handwritten list of witnesses he would like "interviewed." Plaintiff requested a correctional officer in the unit where he was housed be interviewed. Plaintiff alleged the officer would testify plaintiff often refused food trays, showers, and yard and spoke with him every day between September 25 and October 1, 2014. Plaintiff requested the 60 other inmates allegedly involved in the protest be interviewed. Plaintiff alleged the inmates would testify plaintiff did not influence them to participate in any protest. Plaintiff requested the intelligence unit officer who interviewed him and

the tactical team members who escorted him to the interview be interviewed. Plaintiff alleged those witnesses could provide information about his alleged refusal to assist in the investigation.

¶ 12        On November 3, 2014, plaintiff was served with a final summary report from the adjustment committee, which consisted of chairman Scott Holte and member Aberardo Salinas. According to the report, plaintiff appeared before the committee for a hearing on October 21, 2014. The disciplinary report was read, plaintiff pleaded not guilty, and plaintiff's written statement was submitted. The report notes no witnesses were requested. The committee was satisfied the violations occurred as reported. With respect to the violation of DOC regulation 205, the committee found:

> "OFFENDER HURTADO WAS IDENTIFIED BY A CONFIDENTIAL SOURCE AS BEING ON THE LATIN KINGS CROWN COUNCIL AT [PONTIAC]. HURTADO HAS PREVIOUSLY BEEN IDENTIFIED AS A VERY INFLUENTIAL LEADER WITHIN THE LATIN KINGS SECURITY THREAT GROUP AND HIS PARTICIPATION AND INFLUENCE ASSISTED IN CAUSING OVER 60 AD INMATES TO PARTICIPATE IN THIS PROTEST. THESE ACTIVITES INCLUDED REFUSING FOOD TRAYS, YARD, [AND] SHOWERS AND REFUSING TO SPEAK TO STAFF."

The committee recommended, in part, revocation of one year of "GCC or SGT" and the imposition of one year of disciplinary segregation. The chief administrative officer approved the adjustment committee's determinations.

¶ 13       On November 23, 2014, plaintiff filed a grievance alleging claims suggesting he was not accorded the due process protections to which he was entitled and various administrative rules were not followed. In part, plaintiff complained about the refusal to interview requested witnesses. Plaintiff alleged, on October 18, 2014, he placed in the institutional mail an offender request slip that requested witnesses be interviewed. Plaintiff also alleged he inquired during the adjustment committee hearing about the witnesses he requested to be interviewed, to which he was told his witnesses had not been interviewed because the intelligence unit would "not allow them to interview anybody[,] especially if there was CS's and/or CI's involved." Plaintiff noted he received, both before and after the denial of his request to interview witnesses, several affidavits from inmates accused of participating in the alleged protest who denied the existence of any protest or plaintiff's involvement. Plaintiff attached several of those affidavits to his grievance.

¶ 14       In January 2015, a grievance officer issued a report recommending plaintiff's grievance be denied. The chief administrative officer concurred with the recommendation. Plaintiff appealed to the DOC's director, and the matter was referred to its administrative review board.

¶ 15       In July 2015, Sherry Benton, a member of the administrative review board, issued a letter to plaintiff informing him the board found in his favor as it related to the DOC regulation 110 violation, concluding the charge to be unsubstantiated, but was otherwise satisfied plaintiff had violated DOC regulation 205 and there was no due process violation. With respect to the alleged due process violation, the board indicated it could not "substantiate that timely witnesses were requested." The letter noted plaintiff's "1-year GCC revocation was reduced to 6-months and is currently pending before the Prisoner Review Board." Gladyse Taylor, the acting director of the board, concurred with the board's decision.

¶ 16                              B. Motion to Dismiss

¶ 17        In February 2018, defendants filed a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-615 (West 2016)). Defendants argued dismissal was warranted as plaintiff's complaint failed to state a cause of action upon which relief could be granted. With respect to the alleged due process violation, defendants argued, after generally noting the revocation of good conduct credits imposed on a liberty interest, the exhibits attached to plaintiff's complaint showed he received the procedural protections to which he was entitled. In so arguing, defendants acknowledged plaintiff alleged he was denied the opportunity to have witnesses interviewed but asserted the fact the final adjustment committee report indicated no witnesses were called defeated plaintiff's claim as the trial court could "not consider evidence beyond that contained in the administrative record itself."

¶ 18                              C. Dismissal

¶ 19        In August 2018, the trial court granted defendants' motion to dismiss, finding plaintiff's complaint failed to set forth a cause of action upon which relief could be granted.

¶ 20        This appeal followed.

¶ 21                              II. ANALYSIS

¶ 22        On appeal, plaintiff argues, contrary to the finding of the trial court, his complaint sufficiently alleged several claims for which relief could be granted.

¶ 23        Defendants sought, and the trial court granted, dismissal of plaintiff's complaint pursuant to section 2-615 of the Civil Code (735 ILCS 5/2-615 (West 2016)). We review a trial court's judgment granting a section 2-615 motion to dismiss *de novo*. *Roberts v. Board of Trustees of Community College District No. 508*, 2019 IL 123594, ¶ 21, 135 N.E.3d 891. A complaint

should not be dismissed under section 2-615 of the Civil Code "unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recover." *Id.* In making that determination, we "must take as true all well-pled allegations of fact contained in the complaint and exhibits attached thereto." *Beahringer v. Page*, 204 Ill. 2d 363, 365, 789 N.E.2d 1216, 1219 (2003).

¶ 24         In his complaint, defendant sought to have the disciplinary proceedings reviewed under a common-law writ of *certiorari* as he believed, in part, his due process rights were violated during those proceedings. A common-law writ of *certiorari* is a method for obtaining judicial review of administrative actions when the statute conferring power on the agency does not expressly adopt the Administrative Review Law (ARL) (735 ILCS 5/3-101 to 3-113 (West 2016)) and provides for no other form of review. *Fillmore v. Taylor*, 2019 IL 122626, ¶ 67, 137 N.E.3d 779. Because the statutes concerning prison disciplinary proceedings neither adopt the ARL nor provide another form of review, "properly pled allegations of a denial of due process in prison disciplinary proceedings are reviewable in an action for *certiorari*." *Id.*

¶ 25         Ordinarily, the first step in analyzing a procedural due process claim is to determine whether the plaintiff has a constitutionally protected interest, because if no constitutionally protected interest exists, there can be no due process violation. *Hill v. Walker*, 241 Ill. 2d 479, 485, 948 N.E.2d 601, 604 (2011). In his complaint, plaintiff alleged the revocation of good time credit and the imposition of a one-year term of disciplinary segregation imposed upon a constitutionally protected liberty interest. In their motion to dismiss, defendants generally noted the revocation of good conduct credit imposed on a liberty interest and then proceeded to address whether the exhibits attached to plaintiff's complaint showed he received the requisite procedural protections.

On appeal, plaintiff does not address the punishment which imposed on a liberty interest, and defendants follow a similar analysis as they did before the trial court. Given the lack of argument and the procedural posture of this case, we will presume for purposes of this appeal plaintiff received punishment imposing upon a liberty interest and, therefore, was entitled to the certain procedural protections.

¶ 26     The second step in analyzing a procedural due process claim is to determine whether the plaintiff was accorded the procedural protections to which he was entitled. *People v. Morales*, 2015 IL App (1st) 131207, ¶ 20, 24 N.E.3d 1260. In the context of prison disciplinary proceedings, those protections include:

> "(1) advance written notice of the disciplinary charges, (2) an
> opportunity, when consistent with institutional safety and
> correctional goals, to call witnesses and present documentary
> evidence in his defense, and (3) a written statement by the fact finder
> of the evidence relied on and the reasons for the disciplinary action."
> *Fillmore*, 2019 IL 122626, ¶ 57 (citing *Wolff v. McDonnell*, 418
> U.S. 539, 563-67 (1974)).

Additionally, the findings of the disciplinary board "must be supported by some evidence in the record" to comport with due process. *Id.* Plaintiff maintains he was not accorded any of the due process protections to which he was entitled. Defendants disagree.

¶ 27     Our review of plaintiff's complaint and the exhibits attached thereto demonstrates plaintiff was given advance written notice of the disciplinary charges. An inmate must receive notice of disciplinary charges at least 24 hours in advance of a hearing to comport with due process.

*Wolff*, 418 U.S. at 564. Plaintiff was served with notice of the charges against him on October 16, 2014, and the adjustment committee hearing took place on October 21, 2014, well over 24 hours later. Our review also demonstrates plaintiff was given a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. Plaintiff was served with a written final summary report from the adjustment committee detailing the evidence relied upon and the reason for the discipline imposed. Finally, our review demonstrates the finding of a violation of DOC regulation 205 was supported by some evidence in the record. The relevant inquiry is whether "there is any evidence in the record that could support the disciplinary board's conclusion." *Fillmore*, 2019 IL 122626, ¶ 57. The adjustment committee received evidence indicating plaintiff was an influential member of the Latin Kings security threat group and participated in at least some of the protest activities, evidence which we find to be sufficient to support a finding of a violation of DOC regulation 205.

¶ 28      The difficulty with this case is whether plaintiff was given the requisite opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense. Plaintiff continues to complain about the refusal to interview requested witnesses. Defendants abandon the argument they raised before the trial court, which suggested plaintiff's claim was defeated by the fact the final adjustment committee report indicated no witnesses were called, and now argue plaintiff failed to fulfill a procedural precondition to have witnesses interviewed—filling out and returning the bottom quarter of the inmate disciplinary report. That fact, however, is not clearly established by a review of plaintiff's complaint and the exhibits attached thereto. The October 16, 2014, disciplinary report does not appear to have the bottom quarter of the page attached. Plaintiff's offender request form indicates attached thereto

- 11 -

was "the bottom part of the Disciplinary Report dated 10-16-14." We cannot say from our review of plaintiff's complaint and the attachments thereto plaintiff failed to timely and properly submit a request for witnesses to be interviewed. Defendants further present reasons why plaintiff's request to interview witnesses may have been properly denied. None of those reasons, however, appear in the record. In fact, the only alleged reason in the record for the denial was provided by plaintiff—that the intelligence unit would not allow the adjustment committee members to conduct interviews. Defendants do not suggest, nor do we find, the alleged reason for the denial would be a valid basis to deny plaintiff's request to interview witnesses.

¶ 29        We find plaintiff has sufficiently pled, for purposes of surviving a section 2-615 motion to dismiss, a due process violation based on the alleged refusal to interview requested witnesses. We reverse the trial court's dismissal of plaintiff's claim and remand for further proceedings during which defendants will have the opportunity to provide, by affidavit or other evidence, any explanation for refusing plaintiff's request to interview witnesses. Additionally, defendants on remand will have the opportunity to address whether plaintiff's punishment actually imposed on a constitutionally protected liberty interest, particularly given plaintiff's convictions and sentences and the case law cited by plaintiff in his complaint.

¶ 30        As a final matter, we reject plaintiff's argument suggesting his complaint also sufficiently alleged a due process violation based on the refusal to permit him to call witnesses during the adjustment committee hearing. Plaintiff's grievance makes clear he did not raise such an argument before the administrative agency and, therefore, forfeited it for review. See *Demesa v. Adams*, 2013 IL App (1st) 122608, ¶ 52, 994 N.E.2d 1007 ("It is well settled that on administrative review a party forfeits any issue that it failed to raise in proceedings before the

- 12 -

administrative agency."). We also reject plaintiff's argument suggesting his complaint sufficiently alleged an independent claim for which relief could be granted based on defendants' failure to follow various DOC regulations. See *Fillmore*, 2019 IL 122626, ¶ 47 (holding DOC regulations did not create an independent right of action allowing inmates to file suit in state court to compel correctional officers to comply with those regulations).

¶ 31                                    III. CONCLUSION

¶ 32         We reverse the trial court's dismissal of plaintiff's claim suggesting his due process rights were violated based on the alleged refusal to interview requested witnesses and remand for further proceedings on that claim. We otherwise affirm the dismissal of plaintiff's remaining claims in his complaint.

¶ 33         Affirmed in part and reversed in part; cause remanded.